STATE OF SOUTH CAROLINA

IN THE SUPREME COURT

———————————

Appeal from Sumter County

Thomas W. Cooper, Jr., Circuit Court Judge

———————————

ARTHUR SINGLETON,

PETITIONER,

V.

STATE OF SOUTH CAROLINA,

RESPONDENT

———————————

A P P E N D I X

———————————

WANDA H. CARTER
Deputy Chief Attorney

South Carolina Commission on Indigent
Defense
Division of Appellate Defense
PO Box 11589
Columbia, S. C. 29211-1589

ATTORNEY FOR PETITIONER

HENRY DARGAN MCMASTER
Attorney General

JOHN W. MCINTOSH
Chief Deputy Attorney General

SALLEY W. ELLIOTT
Assistant Deputy Attorney General

PAULA S. MAGARGLE
Assistant Attorney General

P. O. Box 11549
Columbia, S. C. 29211

ATTORNEYS FOR RESPONDENT

i

## INDEX

INDEX ....................................................................................................................... i

APPLICATION FOR POST-CONVICTION RELIEF ............................................... 1

RETURN ................................................................................................................. 21

POST-CONVICTION RELIEF HEARING TRANSCRIPT ....................................... 25

ORDER OF DISMISSAL WITH PREJUDICE ........................................................ 56

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS RECORDS .................. 64

CLERK OF COURT RECORDS .............................................................................. 66

POST-CONVICTION RELIEF HEARING TRANSCRIPT DATED
    SEPTEMBER 23, 2003 ....................................................................................... 74

FORM 5
RECORDED

STATE OF SOUTH CAROLINA

2004 APR 16　AM 11: 15

County of **Sumter**

CLERK OF COURT
SUMTER COUNTY, S.C.

CERTIFIED TRUE COPY
OF ORIGINAL FILED

_Anew M. Prescott_
DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA

IN THE COURT OF COMMON PLEAS

**Arthur Singleton, #300109**
Full name and prison number (if any) of Applicant

2004-CP-43-**501**

v.

State of South Carolina

APPLICATION FOR

POST-CONVICTION RELIEF

## INSTRUCTIONS ʙ READ CAREFULLY

　　In order for this application to receive consideration by the Court, it shall be in writing (legibly handwritten or typewritten), signed by the applicant and verified (notarized), and it shall set forth in concise form the answers to each applicable question. If necessary, applicant may furnish his answer to a particular question on the reverse side of the page or on an additional page. Applicant shall make clear to which question any such continued answer refers.

　　Since every application must be sworn under oath, any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury. Applicants should, therefore, exercise care to assure that all answers are true and correct.

　　If the application is taken in forma pauperis, it shall include an affidavit (attached at the back of the form) setting forth information which establishes that applicant will be unable to pay the fees and costs of the proceedings. When the application is completed, the original shall be mailed to the Clerk of Court for the County in which the applicant was convicted.

1.　　Place of detention **Evans Corr. Inst**

2.　　Name and location of Court which imposed sentence **Sumter County Court of General Sessions, 141 North Main St, Sumter, S.C. 29150.**

3.　　Name(s) of co-defendant(s) (if any) _____

4.　　The indictment number or numbers (if known) upon which and the offenses for which sentence was imposed:

(a)　**2000-GS-43-134 (Assault & Battery with intent to Kill. CS 16-3-620 (Count #1)**

1

(b) Count #2 (Assault & Battery with intent to Kill

(c) Count #3 (Poss. of fire Arm during crime of Violence,
(16-23-490)

5. The date upon which sentence was imposed and the terms of the sentence:

(a) 9-25-03, Count #1, 7 years

(b) 9-25-03, Count #2, 12 years

(c) 9-25-03, 5 years Concurrent

6. Check whether a finding of guilty was made:

(a) after a plea of guilty _____

(b) after a plea of not guilty ✓_____

(c) after a plea of nolo contendere _____

7. Did you appeal from the judgment of conviction or the imposition of sentence?
Counsel was instructed to Appeal But didn't,

8. If you answered Ayes@ to (7), list:

(a) the name of each Court to which you appealed:

i. _____

ii. _____

iii. _____

(b) the result in each such Court to which you appealed:

i. _____

ii. _____

iii. _____

(c) the date of each such result:

i. _____

ii. _____

iii. _____

(d) if known, citations of any written opinion or orders entered pursuant to such results:

i. _____

ii. _____

iii. _____

9. If you answered Ano@ to (7), state your reasons for not so appealing:

(a) Counsel was instructed to Appeal but didn't.

2

**3**

     (b) _____

     (c) _____

10.    State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

     (a)  Ineffective assistance of Counsel,

     (b)  Trial Counsel was ineffective, for denying Applicant his

     (c)  Constitutional rights.

11.    State concisely and in the same order the facts which support each of the grounds set out in (10):

     (a)  See Memorandum

     (b)  See Memorandum

     (c)  See Memorandum

12.    Prior to this application have you filed with respect to this conviction:

     (a)    any petition in a State Court under South Carolina Law?_____

     (b)    any petition in State or Federal Courts for habeas corpus or post-convictions relief?_____

     (c)    any petition in the United States Supreme Court for certiorari other than petitions, if any, already specified in (8)?_____

     (d)    any other petitions, motions or applications in this or any other Court?_____

13.    If you answered Ayes@ to any part of (12), list with respect to each petition, motion or application:

     (a)    the specific nature thereof:

     i.  _____

     ii.  _____

     iii.  _____

     iv.  _____

     (b)    the name and location of the Court in which each was filed:

     i.  _____

     ii.  _____

     iii.  _____

iv. _____

(c)    the disposition thereof:

i. _____

ii. _____

iii. _____

iv. _____

(d)    the date of each such disposition:

i. _____

ii. _____

iii. _____

iv. _____

(e)    if known, citations of any written opinions or orders entered pursuant to each such disposition:

i. _____

ii. _____

iii. _____

iv. _____

14.    Has any ground set forth in (10) been previously presented to this or any other Court, State or Federal, in any petition, motion or application which you have filed?

_____

15.    If you answered "yes" to (14) identify:

(a)    which grounds have been presented:

i. _____

ii. _____

iii. _____

(b)    the proceedings in which each ground was raised:

i. _____

ii. _____

iii. _____

16. If any ground set forth in (10) has not previously been presented to any Court, State or Federal, set forth the ground and state concisely the reasons why such ground has not previously been presented:

(a) _____

(b) _____

(c) _____

17. Were you represented by an attorney at any time during the course of:

(a) your arraignment and plea? _____

(b) your trial, if any? Yes _____

(c) your sentencing? _____

(d) your appeal, if any, from the judgment of conviction or the imposition of sentence? _____

(e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed? ___

18. If you answered Ayes@ to one or more parts of (17), list:

(a) the name and address of each attorney who represented you:

i. Steve McKenzie 160 N. Brooks St.

ii. Manning, S.C. 29102

iii. _____

(b) the proceedings at which each such attorney represented you:

i. At trial, in the Sumter County Court of general sessions,

ii. _____

iii. _____

19.  State clearly the relief you seek in filing this application:

Sentence be vacated with prejudice.

20.  Are you now under sentence from any other court that you have not challenged?

No

Revised 3/2003

STATE OF SOUTH CAROLINA          )

County of Bennettsville          )          VERIFICATION
                                 )

I, Arthur Singleton                              , being duly sworn
upon my oath, depose and say that I have subscribed to the foregoing application; that I know the
contents thereof; that it includes every ground known to me for vacating, setting aside or
correcting the conviction and sentence attacked in this application; and that the matters and
allegations therein set forth are true.

Arthur S. Singleton

SWORN to and subscribed before me this 15th
day of April            , 2004.

Oscar W Bund                    (L.S.)
Notary Public

My Commission Expires: 08-0.6 -2009

6

## APPLICATION TO PROCEED WITHOUT PAYMENT
## OF COSTS AND AFFIDAVIT
## IN SUPPORT THEREOF

I, _Arthur Singleton_ _____, hereby apply for leave to proceed in this action without prepayment of fees or costs or security therefor. In support of my application I declare under penalty of perjury that the following facts are true:

(1)     I am the applicant in this action and I believe I am entitled to redress.

(2)     Because of my poverty I am unable to pay the costs of said proceeding or give security thereof.

_Arthur L. Singleton_
_____
Applicant

SWORN, or affirmed to and subscribed before me this _15th_ day of _April_ , _2004_.

_O'Daniel Brunson_
_____
Notary Public

My Commission Expires: _08-06-2009_

COUNTY OF SUMTER

IN THE COURT OF COMMON PLEAS
FOR THE THIRD JUDICIAL CIRCUIT

Arthur Singleton, # 306109

                Applicant,

VS.

State of South Carolina,

              Respondent.

MEMORANDUM IN-SUPPORT OF
APPLICANT'S APPLICATION FOR
POST CONVICTION RELIEF

2004-CP-43-    501

COME(S) Now the Above Named Applicant, (Arthur Singleton), hereinafter Applicant, hereby respectfully submitts this Memorandum in-support of this APPLICATION FOR POST CONVICTION RELIEF, Pursuant to S.C. Code Ann. § 17-27-10 thru-120 (1985). This Memorandum will address specific issues on which Applicant's Application is based as follows:

**10. (a)**     Ineffective Assistance of trial Counsel.

11. (a)     The Applicant Contends that the right to Counsel is a fundamental right of a Criminal defendant, it assures the fairness, and thus the legitimacy, of our adversary process. E.g.) Gideon vs. WainWright, 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.E.2d 799 (1963). The essence of an ineffective-assistance Claim is that Counsel's unprofessional errors so upset the adversarial balance between Applicant's defense and prosecution that the trial was rendered unfair and the Verdict rendered suspect. See, e.g., Strickland vs. Washington, 466 U.S., at 686, 104 S.Ct. at 2064; United States vs. Cronic, 466 U.S. 648, 655-657, 104 S.Ct. 2039, 2044-2046, 80 L.Ed. 2d 657 (1984).

      The Applicant Contends that in order to prevail, the Applicant Must show both that Counsel's representation fell below an objective standard of reasonableness, Strickland, 466 U.S., at 688, 104 S.Ct., at 2064, and that there exists a reasonable probability that, but for Counsel's unprofessional errors, the result of the proceeding would have been different. Id., at 694, 104 S.Ct., at 2068.

Here , the Applicant argues Counsel failed to litigate that Applicant's Constitutional right to fast, speedy, and prompt disposition of his case, was denied unto him where the state Failed to take the fundamental action required by statute §17-23-120 and §17-23-60.

The Applicant would contend that he was arrested For violation of S.C. Code of Laws §16-3-620, on arrest warrant for the offense of Assault & Battery with Intent to Kill. However, the Applicant was not served a copy of his Charge in indictment form pursuant to statute §17-13-90.

Further, the Applicant would argue that pursuant to statute §17-23-120 he has a due process right of Law to petition the Circuit Court for prompt disposition of the arrest warrant(s) against him, (see South Carolina Rules of Criminal procedures Rule 3).

In the state of South Carolina the Applicant has a constitutional right to be fully heard in his defense by himself or by counsel or by both, and the Applicant once charged with an offense shall enjoy the right to a speedy and public trial, and be fully informed of the nature of the cause and cause of accusation, to be Confronted with the cause and against him, to have compulsory process for obtaining witnesses in his favor. U.S. Const. Ament. 5th 6th; 14th; S.C. Const. Art. 1, § 3; Art. 1, §14; Art. 1, §22, and Art. 1, §23.).

The Applicant has a due process of Law right to object to all of the defects in the indictment against him and Applicant should further be allowed to have protection by the appointment of Counsel to see that the procedures by Statutes is followed as well, pursuant to S.C. Code of Law §17-19-90 and S.C. Rules of Criminal Procedures Rule 3 because where his Counsel can openly object to the indictment due to the Form or substance pursuant to §17-23-130 and can obtain an acquittal to a bad indictment, and the proper filing of the instrument Concerning his persons per statute §30-9-10-30-9-30.

1

The State Should have advised the Applicant his right to be then heard by him or by his Counsel or both Concerning the undertakings. The fifth and fourteenth Amendments of due process and equal protection should apply to the Applicant's Claim and cases and Applicant should have been allowed to enjoy his right to Counsel to represent him at this stage which is critical where it pertains to liberty which is fundamental and where the Applicant Could not be heard on his own behalf or Object to what he Could not see was happening and he was totally blind to the incidences transpiring, and where he was Not properly apprised in violation of his constitutional rights should inform this Honorable Court that a Complete miscarriage of Justice has transpired in this particular case because Counsel failed to argue the Above at trial. Had Counsel argued this issue at trial, there's a reasonable probabilty that Applicant would have been Aquitted. Due to Counsel's failure the Applicant was prejudiced where the State failed to take the fundamental action required by the statutes to afford the Applicant his fundamental right to Counsel to represent his interest and protect his Constitutional right therefore, Counsel Must be rendered ineffective and the State Should be barred from enforcing Statute § 16-3-620 against the Applicant at this particular time.

The indictment against the Applicant has not been properly processed pursuant to statute § 14-17-260(B)(c)(D) and the Rules of Procedures of the State grand jury apply to the County grand jury as well pursuant to Statute § 14-7-1640, and the state failed to take the necessary steps that are required by statutes of law which resulted in a fundamental defect and issuance of the Application for Post-Conviction Relief is Apparent where the indictment in Question was not attested to in the Clerks

11

seal of the Court and failed to sign officially the grand jury document and state the time when it was signed and entered. This is the prejudice suffered by the Applicant due to counsels lack of effective representation, and this would clearly show that Counsel did not place the prosecution of the Applicants case under the 2 pronged adversarial test as required in Gideon vs. Wainwright, 372 U.S. 335, 344, 83 S. Ct. 792, 796, 9 L.E. 2d 799 (1963). Therefore, this unprofessional error so upset the adversarial balance between Applicant's defense that his trial was unfair, Strickland vs. Washington, 466 U.S., at 686, 104 S. Ct. at 2064; United States vs. Cronic, 466 U.S. 648, 655-657, 104 S. Ct. 2039, 2044-2046, 80 L.Ed. 2d 657 (1984).

10(b) Trial Counsel was ineffective, for denying Applicant his Constitutional rights.

11(b) Trial Counsel was instructed to Appeal Applicant's guilty verdict on 9-25-03. Counsel failed to follow Applicant's instruction in violation of Rule 407 SCACRs, Rules of Professional Conduct et. A.l seq; Which prejudiced the applicant by denying him his first Appeal as of right. The Supreme Court held the fourteenth Amendment guarantees the Applicant during the Appellant process while pursuing his first appeal as of right certain minimum safe-guards necessary to make his appeal adequate and effective. see Griffin v. Illinois, 351 U.S. 12, 20, 76 S. Ct. 585, 591, 100 L.Ed. 891 (1956). Which Applicant can Never recieve because of Counsel's failure to file for Appeal on Applicant's behalf. Among the Above Safeguards is the right to Counsel, see Douglas v. California, 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed. 2d 811 (1963). The Supreme Court also held that the Sixth Amendment is the creator to the right to trial-level counsel applied to the States and this is through the fourteeth Amendment, see Gideon v. Wainwright, 372 U.S. 335, 344, 83 S. Ct. 792, 796, 9 L.Ed. 2d 799 (1963), Comprehends the right to effective

... source of... insel; see Cuyler v. Sull ... in 446 U.S.
335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed. 2d 333 (1980), (effective-
ness of Counsel on appeal is a guarantee).

Nonetheless, if a State has created appellate Courts
as "an integral part of the...System for finally adjudicating
the guilty or innocence of a defendant," Griffin v. Illinois, 351 U.S.,
at 590, the procedures used in deciding appeals must comport
with the demands of the Due process and Equal protection clause
of the Constitution, which Applicant was denied because of
trial Counsel's unprofessional error of Not filing the Appeal
of Applicant's guilty verdict, which also in turn unduly pre-
judiced the Applicant as explained above.

THEREFORE, in the best interest of justice, the
Applicant's sentence Must be Vacated with prejudice.

Respectfully Submitted by:

Mr. Arthur Singleton, #300109

This 17th day of April 2004.

# ROOT OF SERVICE

The Applicant Certifies that he has served the Clerk of Sumter County Court of Common Pleas, the Application For Post-Conviction Relief, and Memorandum in-support thereof by way of depositing a copy thereof in the U.S. mail postage paid in an envelope sealed addressed to:

HON. O.V. Player, Jr., Clerk
Sumter County Court of
Common Pleas
141 Main street
Sumter, S.C. 29150

S. Arthur L. Singleton

Mr. Arthur Singleton
Evans Corr. Inst.
610 HWY #9 West
Bennettsville, S.C. 29512

This 7th day of April 2004.

CERTIFIED TRUE COPY
_Anna M. Prueith_
DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA

STATE OF SOUTH CAROLINA

COUNTY OF **Sumter**    **IN THE COURT OF GENERAL SESSIONS**

STATE    VS.

**Arthur L. Singleton**

AKA: )    INDICTMENT/CASE#:

Race: ___ Sex: M Age: ___ )    **2010** -GS- **43** - **134**

DOB: ___ )    A/W#: **D-767310**

Address: ___ )    Date of Offense: **10-2-99**

City, State, Zip ___ )    S.C. Code §: **16-3-620**

DL# ___ SID# ___ **SC** )    CDR Code #: **0 / 0 / 1 / 4**

☐ **CASE RESTORED**

**SENTENCE**

☐ PLEA  ☒ TRIAL

In disposition of the said indictment comes now the Defendant who was ☒ CONVICTED OF or ☐ PLEADS
TO: **Assault + Battery with Intent to kill** - Count one
in violation of § **16-3-630** of the S.C. Code of Laws, bearing CDR Code # **0 / 0 / 1 / 4**
☐ NON-VIOLENT  ☒ VIOLENT  ☐ SERIOUS  ☒ MOST SERIOUS  ☐ 17-25-45

The charge is: ☒ As Indicted, ☐ Lesser Included Offense, ☐ Defendant Waives Presentment to Grand Jury.
The plea is: ☐ Without Negotiations or Recommendation, ☐ Negotiated Sentence, ☐ Recommendation by the State.
ATTEST:

_____    _____    **Steve McKenzie**
Solicitor    Defendant    Attorney for Defendant

WHEREFORE, the Defendant is committed to the ☒ **State Department of Corrections**, ☐ **County Detention Center,**
for a determinate term of **7** ~~days/months~~/years or ☐ under the **Youthful Offender Act** not to exceed _____ years
and/or to pay a fine of $_____; provided that upon the service of _____ days/months/years and/or payment
of $_____; plus costs and assessments as applicable*; the balance is suspended with **probation** for _____
months/years and subject to South Carolina Department of Probation, Parole and Pardon Services standard conditions
of probation, which are incorporated by reference.
☒ CONCURRENT  or  ☐ CONSECUTIVE to sentence on: **Count 2**
☒ The Defendant is to be given credit for time served pursuant to S.C. Code §24-13-40 to be calculated and applied
by the State Department of Corrections.

☐ RESTITUTION: ☐ Heard, ☐ Waived, ☐ Ordered    **SPECIAL CONDITIONS:**    RESTITUTION: Heard, Waived, Ordered
Total: $_____ plus 20% fee: $_____    PTUP
Payment Terms:    _____ days/hours Public Service Employment
☐ set by SCDPPPS _____    Obtain GED _____
    Attend Voc. Rehab. or Job Corp. _____
Recipient: _____    May serve W/E beginning _____
Fine:    Substance Abuse Counseling _____
    $_____    Random Drug/Alcohol
14-1-206 (Assessments 107.5%)    $_____    Testing _____
14-1-211(A)(1) (Surcharge)    $ . _____    Fine may be pd. in equal, consecutive weekly/monthly
14-1-211(A)(2) (Surcharge)    $ **100.00**    pmts. of $_____ beginning _____
56-5-2995 (DUI Assessment)    $_____    $_____ paid to Public Defender Fund
73.3, 1B TP (Law Enforce. Funding)    $_____    Other: _____
83.7, 1B TP (Drug Court Surcharge)    $ **25.00**
50-21-114(BUI Breath Test Fee)    $_____
56-5-2942(J) (Vehicle Assessment)    $_____
to County (if paid in installments)    $ **3.75**
TOTAL    $ **128.75**

_V Player_    ☐ Appointed PD or appointed other counsel, §35.13 TP
Clerk of Court/ Deputy Clerk    Requires $500 be paid to Clerk during probation.

Court    PRESIDING JUDGE
Reporter: _Margaret Sullivan_    Judge Code: **0 4 4 / 2 / 7**
    Sentence Date: **09-25-03**

White – Clerk    Green – Corrections    Canary – Probation    Pink – Defendant

_Sentence appealed 023604 by Anita Hines & Amd 1 Ant___

SCCA/217 (6/2003)

**15**

OF ORIGINAL FILED

STATE OF SOUTH CAROLINA

COUNTY OF Sumter

STATE

DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA

IN THE COURT OF GENERAL SESSIONS

VS.

Arthur L. Singleton

AKA:
Race:      Sex: M      Age:
DOB:       SS#:
Address:
City, State, Zip
DL#        SID#

INDICTMENT/CASE#:

2000 -GS- 43 - 134
A/W#:
D-769309
Date of Offense: 10-2-99
S.C. Code §: 16-3-620
CDR Code #: 0101  14

☐ CASE RESTORED

**SENTENCE**

☐ PLEA   ☒ TRIAL

In disposition of the said indictment comes now the Defendant who was ☒ CONVICTED OF or ☐ PLEADS
TO: Assault & Battery with intent to kill — Count 1
in violation of § _____ of the S.C. Code of Laws, bearing CDR Code # 0101 14

☐ NON-VIOLENT   ☒ VIOLENT   ☐ SERIOUS   ☒ MOST SERIOUS   ☐ 17-25-45

The charge is: ☒ As Indicted, ☐ Lesser Included Offense, ☐ Defendant Waives Presentment to Grand Jury.
The plea is: ☐ Without Negotiations or Recommendation, ☐ Negotiated Sentence, ☐ Recommendation by the State.
ATTEST:

_____   _____   _Steve McKenzie_
Solicitor           Defendant          Attorney for Defendant

WHEREFORE, the Defendant is committed to the ☒ **State Department of Corrections**, ☐ **County Detention Center,**
for a determinate term of 12 days/months/years or ☐ under the **Youthful Offender Act** not to exceed _____ years
and/or to pay a fine of $_____; provided that upon the service of _____ days/months/years and/or payment
of $_____; plus costs and assessments as applicable*; the balance is suspended with **probation** for _____
months/years and subject to South Carolina Department of Probation, Parole and Pardon Services standard conditions
of probation, which are incorporated by reference.
☐ CONCURRENT   or   ☐ CONSECUTIVE to sentence on: _____
☒ The Defendant is to be given credit for time served pursuant to S.C. Code §24-13-40 to be calculated and applied
by the State Department of Corrections.

☐ RESTITUTION: ☐ Heard, ☐ Waived, ☐ Ordered
Total:  $_____
plus 20% fee:
Payment Terms:
☐ set by SCDPPPS

Recipient: _____
*Fine:                              $_____

§14-1-206 (Assessments 107.5%)    $_____
§14-1-211(A)(1) (Surcharge)        $ 100.00
§14-1-211(A)(2) (Surcharge)        $_____
§56-5-2995 (DUI Assessment)        $_____
§73.3, 1B TP (Law Enforce. Funding) $ 25.00
§33.7, 1B TP (Drug Court Surcharge) $_____
§50-21-114(BUI Breath Test Fee)    $_____
§56-5-2942(J) (Vehicle Assessment) $_____
% to County (if paid in installments) $ 3.75
TOTAL                               $ 128.75

**SPECIAL CONDITIONS:**
PTUP
_____ days/hours Public Service Employment
Obtain GED
Attend Voc. Rehab. or Job Corp.
May serve W/E beginning _____
Substance Abuse Counseling
Random Drug/Alcohol
Testing _____
Fine may be pd. in equal, consecutive weekly/monthly
pmts. of $_____ beginning _____
Other: _____
_____ paid to Public Defender Fund

☐ Appointed PD or appointed other counsel, §35.13 TP
Requires $500 be paid to Clerk during probation.

_____
Clerk of Court/ Deputy Clerk

Court
Reporter: Margaret Sullivan

PRESIDING JUDGE _____
Judge Code: 0111217
Sentence Date: 09-25-03

CERTIFIED TRUE COPY
*Anna M. Prescott*
DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA

**IN THE COURT OF GENERAL SESSIONS**

COUNTY OF _Sumter_
STATE                    VS.
                    _Arthur L. Singleton_

AKA:
Race: _B_    Sex: _M_    Age:
DOB:
Address:
City, State, Zip
DL#                    SID#

A/W#:
INDICTMENT/CASE#: -GS- _43_ - _134_
_200000134 A_
Date of Offense: _10-2-99_
S.C. Code §: _16-23-490_
CDR Code #:

☐ **CASE RESTORED**
☐ **SENTENCE**    _0549_
☐ PLEA    ☑ TRIAL

In disposition of the said indictment comes now the Defendant who was ☑ CONVICTED OF or ☐ PLEADS
TO: _Possession of firearm during crime of violence_
in violation of § _16-23-490_ of the S.C. Code of Laws, bearing CDR Code # _0549_
☑ NON-VIOLENT    ☐ VIOLENT    ☐ SERIOUS    ☐ MOST SERIOUS    ☐ 17-25-45

The charge is ☑ As Indicted, ☐ Lesser Included Offense, ☐ Defendant Waives Presentment to Grand Jury.
The plea is ☐ Without Negotiations or Recommendation, ☐ Negotiated Sentence, ☐ Recommendation by the State.
ATTEST:
_W. Jason Corbett_                    _Steve McKenzie_
Solicitor                    Defendant                    Attorney for Defendant

WHEREFORE, the Defendant is committed to the ☑ **State Department of Corrections**, ☐ **County Detention Center**,
for a determinate term of _5_ days/months/years or ☐ under the **Youthful Offender Act** not to exceed _____ years
and/or to pay a fine of $_____; provided that upon the service of _____ days/months/years and/or payment
of $_____; plus costs and assessments as applicable*; the balance is suspended with **probation** for _____
months/years and subject to South Carolina Department of Probation, Parole and Pardon Services standard conditions
of probation, which are incorporated by reference.
☑ CONCURRENT  or  ☐ CONSECUTIVE to sentence on: _Count 2_
☑ The Defendant is to be given credit for time served pursuant to S.C. Code §24-13-40 to be calculated and applied
by the State Department of Corrections.

☐ **RESTITUTION:** ☐ Heard, ☐ Waived, ☐ Ordered
Total: $_____ plus 20% fee: $_____
Payment Terms:
☐ set by SCDPPPS _____
Recipient: _____
*Fine: _____    $_____

§14-1-206 (Assessments 107.5%)    $_____
§14-1-211(A)(1) (Surcharge)    $_____
§14-1-211(A)(2) (Surcharge)    $ _100.00_
§56-5-2995 (DUI Assessment)    $_____
§73.3, 1B TP (Law Enforce. Funding)    $_____
§33.7, 1B TP (Drug Court Surcharge)    $ _25.00_
§50-21-114(BUI Breath Test Fee)    $_____
§56-5-2942(J) (Vehicle Assessment)    $_____
% to County (if paid in installments)    $ _3.75_
TOTAL    $ _128.75_

**SPECIAL CONDITIONS:**
PTUP _____
_____ days/hours Public Service Employment
Obtain GED
Attend Voc. Rehab. or Job Corp.
May serve W/E beginning _____
Substance Abuse Counseling
Random Drug/Alcohol
Testing
Fine may be pd. in equal, consecutive weekly/monthly
pmts. of $_____ beginning
$_____ paid to Public Defender Fund
Other: _____

☐ Appointed PD or appointed other counsel, §35.13 TP
Requires $500 be paid to Clerk during probation.

_V. Player_
Clerk of Court/ Deputy Clerk

Court
Reporter: _Margaret Sullivan_

PRESIDING JUDGE _____
Judge Code: _0 1 1 2 1 7_
Sentence Date: _09-25-03_

White – Clerk    Green – Corrections    Canary – Probation    Pink – Defendant

_ed Sentence _____ tried to ___ by Judge H.P. King on 02-26-04_    SCCA/217 (6/2003)

FORM 32    (12/87)

CERTIFIED TRUE COPY
OF ORIGINAL FILED

*Annie M. Prescott*

DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA

STATE OF SOUTH CAROLINA    )
                           )
COUNTY OF ___SUMTER___     )

INDICTMENT FOR

ASSAULT AND BATTERY WITH INTENT
TO KILL (TWO COUNTS) AND POSSESSION OF
FIREARM DURING COMMISSION OF CRIME OF VIOLENCE

At a Court of General Sessions, convened on _____January 10, 2000_____

the Grand Jurors of _____Sumter_____ County present upon their oath:

## COUNT ONE – ASSAULT AND BATTERY WITH INTENT TO KILL

That ARTHUR SINGLETON did in Sumter County on or about October 2, 1999, violate Section 16-3-620 of the Code of Laws of South Carolina (1976), as amended, in that he with malice aforethought, committed an assault and battery upon one ██████████ by shooting him with a firearm, with intent to kill the said ██████████.

## COUNT TWO – ASSAULT AND BATTERY WITH INTENT TO KILL

That ARTHUR SINGLETON did in Sumter County on or about October 2, 1999, violate Section 16-3-620 of the Code of Laws of South Carolina (1976), as amended, in that he with malice aforethought, committed an assault and battery upon one ██████████ by shooting him with a firearm, with intent to kill the said ██████████.

## COUNT THREE – POSSESSION OF FIREARM DURING COMMISSION OF CRIME OF VIOLENCE

That ARTHUR SINGLETON in Sumter County on or about October 2, 1999, was in possession of and did visibly display a firearm during the commission of a violent crime, to-wit: assault and battery with intent to kill, in violation of Section 16-23-490, Code of Laws of South Carolina (1976), as amended.

Against the peace and dignity of the State, and contrary to the statute in such case made and provided.

*C. Kelly Jackson*
_____
SOLICITOR

**DOCKET NO.** 2000-GS-43-134

TOOKER

# The State of South Carolina,

County of _____ SUMTER

## COURT OF GENERAL SESSIONS

JANUARY _____ TERM _____ 2000

**THE STATE**

vs.

√ ARTHUR SINGLETON

## Indictment for

ASSAULT AND BATTERY WITH INTENT
TO KILL (TWO COUNTS) AND POSSESSION
OF FIREARM DURING COMMISSION
OF CRIME OF VIOLENCE

---

**WITNESSES**

SUMTER PD

Roger Baker

ORIGINAL FILED

DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA
Brooker

7/7/99

**WARRANT NO.** D769309 (1&3)

**ACTION OF GRAND JURY**

True Bill

_____ of Grand Jury

Robert M. Sirk

**VERDICT**

Ct 1 – One – Guilty
Ct 1 – Two – Guilty
Ct 3 – Three – Guilty

Ct 1 O, Litchman 9-25-03

_____ man of Petit Jury

Date:

ARREST WARRANT

D— 769309

STATE OF SOUTH CAROLINA
County ☐  ☑ Municipality of SUMTER

THE STATE
against

ANTHON L. SINGLETON

DESCRIPTION OF OFFENSE:

Address: _____

Phone: _____

Sex: M  Race: B  SSN: _____

DL State:  DL #: _____

DOB: _____  Height: 5'11  Weight: 165

Proof Filed ☐

Offense Code: _____

O.V. PLAYER
CLERK OF COURT
SUMTER COUNTY S.C.

RECORDED

99 OCT 12 AM 11:52

Agency ORI # SC4320100

CERTIFIED FOR SERVICE in the
County ☐  Municipality of _____

DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAR

to be arrested and brought before me to be
dealt with according to law.

_____
Signature of Judge   (L.S.)

RETURN

A copy of this arrest warrant was delivered to
defendant
on _____  Date: _____

_____
Signature of Constable/Law Enforcement Officer

RETURN WARRANT TO:

AFFIDAVIT

STATE OF SOUTH CAROLINA
County ☐  ☑ Municipality of SUMTER

Personally appeared before me the affiant, who being duly
sworn deposes and says that ANTHON L. SINGLETON
did within this county and state and within
this the following particulars:

DESCRIPTION OF OFFENSE: ASSAULT AND BATTERY WITH INTENT TO KILL (16-3-620)
the crime set forth and that probable cause is based on the following facts: THE DEFENDANT DID COMMIT THE ABOVE OFFENSE IN THAT HE DID SHOOT ONE SHERMAN SMDE IN THE RIGHT LEG CAUSING BODILY HARM AND REQUIRING THE VICTIM TO BE ADMITTED TO TUOMEY HOSPITAL. SAID OFFENSE HAV OCCURRED ON DINKLE STREET IN THE CITY OF SUMTER. PROBABLE CAUSE: THE DEFENDANT HAS BEEN IDENTIFIED AS THE OFFENDER AND LAW ENFORCEMENT WILL ATTEST TO SAME.

Sworn to and subscribed before me
on _____

_____
Signature of Issuing Judge   (L.S.)

Signature of Affiant: Mark Boyd
Affiant's Address: 107 E. HAMPTON
   SUMTER, SC
Affiant's Telephone: 773-7012

O.V. PLAYER
CLERK OF COURT
SUMTER COUNTY S.C.

ARREST WARRANT

TO ANY LAW ENFORCEMENT OFFICER OF THIS STATE OR MUNICIPALITY OR ANY CONSTABLE OF THIS COUNTY:

It appearing from the above affidavit that there are reasonable grounds to believe that the defendant named above did
violate the criminal laws of the State of South Carolina (or ordinance of SUMTER )
as set forth below:

DESCRIPTION OF OFFENSE: ASSAULT AND BATTERY WITH INTENT TO KILL (16-3-620)

Now, therefore, you are empowered and directed to arrest the said defendant and bring him or her before
me forthwith to be dealt with according to law. A copy of this Arrest Warrant shall be delivered to the
defendant at the time of its execution, or as soon thereafter as is practicable.

_____
Signature of Issuing Judge   (L.S.)

Judge Code: _____
Judge's Address: 115 N. HARVIN ST
   SUMTER, SC
Judge's Telephone: 436-2283

DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA

CERTIFIED TRUE COPY
OF ORIGINAL FILED

Issuing Court: _____
Magistrate

# ARREST WARRANT

**STATE OF SOUTH CAROLINA**

D- 769310

County/ Municipality of Sumter

THE STATE against

ANTHER L SINGLETON

**DESCRIPTION OF OFFENSE:** ASSAULT AND BATTERY WITH INTENT TO KILL (16-3-620)

Sumter, SC

DL #: Race: B Height: 5'11 Weight: 125 SSN:

Agency ORI #: SC0710100

Offense Code: 0014

**RECORDED**
99 OCT 12 AM 11:30
CLERK OF COURT
SUMTER COUNTY, S.C.

**AFFIDAVIT**

ASSAULT AND BATTERY WITH INTENT TO KILL (16-3-620)

THE ABOVE OFFENSE IN THAT HE DID COMMIT THE ABOVE OFFENSE IN THAT THE DEFENDANT DID COMMIT THE CRIME CHARGED POLICE HARM AND SHOOT ONE LIONEL DUDLEY IN THE CHEST. THE DEFENDANT DID SHOOT ONE LIONEL DUDLEY IN DEFENDANT DID ADMITTED TO TUOMEY HOSPITAL. SAID OFFENSE HAVING OCCURRED ON A LIMITED STREET IN THE CITY OF SUMTER. PROBABLE CAUSE: THE DEFENDANT HAS BEEN IDENTIFIED AS COMMITT. THE OFFENSE AND LAW ENFORCEMENT WILL ATTEST TO SAME.

Signature of Affiant
Affiant's Address 107 E HAMPTON SUMTER SC
Affiant's Telephone 803 436-2350

**TO ANY LAW ENFORCEMENT OFFICER OF THIS STATE OR MUNICIPALITY OR ANY CONSTABLE OF THIS COUNTY:**

DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA

**RETURN**

**ORIGINAL**

STATE OF SOUTH CAROLINA )
                                  )    IN THE COURT OF COMMON PLEAS

COUNTY OF SUMTER )

                                    )

                                    )               2004-CP-43-501

                                    )

Arthur Singleton, 300109 ,          )

                                    )

                Applicant,       )

                                    )

           v.                 )                 RETURN

                                    )

State of South Carolina,           )

                                    )

               Respondent.     )
                                    )

         The Respondent, making its Return to the Application for Post-Conviction Relief filed April

16, 2004, would respectfully show this Court:

                                   I.

         The Applicant is presently confined in the South Carolina Department of Corrections

pursuant to orders of commitment of the Clerk of Court for Sumter County.  The Applicant was

indicted at the January 2000 term of the Court of General Sessions for Sumter County for two (2)

counts Assault and Battery with Intent to Kill (ABWIK) and Possession of a Firearm during the

Commission of a crime of violence (00-GS-43-134).  He was represented by Steve McKenzie,

Esquire. On September 23, 2003, the Applicant was tried in his absence and he was found guilty as

indicted.  The Honorable Clifton Newman was the trial judge and issued a sealed sentence.  On

February 26, 2004,  the Honorable Howard P. King unsealed the sentence and order the Applicant

to confinement for a period of twelve (12) years for one count of ABWIK, seven (7) years for the

other count of ABWIK concurrent, and five (5) years for Possession of a firearm concurrent.

Applicant did not file an appeal.

Attached herewith and incorporated herein by reference are the records of the Sumter County Clerk of Court regarding the subject conviction(s), the Applicant's records from the Department of Corrections, and the Applicant's trial transcript.

## II.

In his Application, the Applicant alleges that he is being held in custody unlawfully for the following reasons:

1.    Ineffective assistance of trial counsel.

## III.

The Respondent contends that the Applicant's trial counsel rendered adequate assistance and provided representation within the range of competence required by attorneys in criminal cases. *See* Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

In a post-conviction relief proceeding, the Applicant bears the burden of proving the allegations in their application. Butler, Id. Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler, Id.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases.  The courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, Id. The Applicant must overcome this presumption in order to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

2

A two-pronged test is used in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 386 S.E.2d at 625, *citing* Strickland. Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625.

The Respondent submits that the Applicant cannot satisfy either requirement of the Strickland test. However, the allegation of ineffective assistance of counsel probably raises questions of fact that cannot be conclusively refuted by the record. The Respondent requests an evidentiary hearing to fully resolve this issue. *See* Sharper v. State, 279 S.C. 264, 305 S.E.2d 247 (1983).

IV.

The Respondent therefore requests that this Court convene an evidentiary hearing solely on the issue of ineffective assistance of counsel. As to all other allegations, the Respondent moves for summary dismissal pursuant to S.C. Code Ann. § 17-27-70 on the basis that there is no genuine issue of material fact which would necessitate an evidentiary hearing and that those allegations should be dismissed as a matter of law.

V.

Each and every allegation contained within the application not hereinbefore either expressly admitted, qualified or explained is hereby denied.

3

VI.

WHEREFORE, having made its Return, the Respondent requests that a hearing be held.

HENRY DARGAN McMASTER
Attorney General

JOHN W. McINTOSH
Chief Deputy Attorney General

SALLEY W. ELLIOTT
Assistant Deputy Attorney General

PAULA S. MAGARGLE
Assistant Attorney General

By: _____
ATTORNEYS FOR RESPONDENT

Office of the Attorney General
P.O. Box 11549
Columbia, SC 29211
Telephone: (803) 734-3737

May 9, 2005.

4

STATE OF SOUTH CAROLINA          )          COURT OF COMMON PLEAS
COUNTY OF SUMTER                 )
                                 )

STATE,                           )
                                 )
          PLAINTIFF,             )          TRANSCRIPT OF HEARING
                                 )          2004-CP-43-501
v.                               )
                                 )
ARTHUR SINGLETON, 300109,        )
                                 )
          DEFENDANT.             )
_____  )

                                        SUMTER, SOUTH CAROLINA
                                        FEBRUARY 26, 2004


BEFORE:

          HONORABLE HOWARD P. KING, PRESIDING JUDGE.


APPEARANCES:

Jason Corbett, Esquire
Assistant Solicitor
Sumter County
Sumter, South Carolina 29151
Attorney for The State

Steven McKenzie, Esquire
16 N. Brooks Street
Manning, South Carolina 29102
Attorney for Plaintiff


                    TAKEN BY MELISSA R. WINFIELD
                    CERTIFIED VERBATIM REPORTER

## INDEX

Case Called by Solicitor ........................... 3

Background by Solicitor............................. 3

Sealed Sentence Read by The Court.................... 4

Remarks by Defense Counsel.......................... 7

Probation Violation Sentence Read by The Court....... 8

Certificate of Service.............................. 10

## EXHIBITS

(There were no Exhibits marked at this hearing)

1       THE COURT: ALL RIGHT.  MR. CORBETT.

2       MR. CORBETT:      YOUR HONOR, IF IT PLEASE THE COURT.  THIS

3   IS STATE OF SOUTH CAROLINA VS. ARTHUR L. SINGLETON.  IT IS

4   INDICTMENT 2000-GS-43-134.  MR. SINGLETON WAS BEFORE THE COURT

5   BACK ON SEPTEMBER THE 25TH OF 2003.  YOUR HONOR, BY WAY OF A

6   LITTLE BIT OF BACKGROUND PRIOR TO THAT TIME, I BELIEVE, MR.

7   SINGLETON WAS ASSIGNED A PUBLIC DEFENDER.  HIS CASE WAS

8   COMING UP FOR TRIAL.  HE HAD MOVED FOR A CONTINUANCE TO

9   OBTAIN COUNSEL WHICH HE DID.  THE CASE WAS CALLED ON

10  SEPTEMBER 25TH OF 2003.  MR. SINGLETON'S ATTORNEY MR. STEVE

11  MCKENZIE WAS PRESENT IN THE COURTROOM, MR. SINGLETON WAS

12  NOT.  AT THAT TIME, TRIAL PROCEEDED IN HIS ABSENCE.  AFTER A

13  DAY OR SO OF TRIAL, THE JURY RETURNED A VERDICT OF GUILTY ON

14  TWO COUNTS OF ASSAULT AND BATTERY WITH INTENT TO KILL.

15  JUDGE NEWMAN ...

16      THE COURT: ALSO,  HE DID HAVE A POSSESSION OF A WEAPON,

17  DIDN'T HE?

18      MR. CORBETT: YES, SIR.  AND A COUNT OF POSSESSION OF A

19  WEAPON DURING THE COMMISSION OF A VIOLENT CRIME.  JUDGE

20  NEWMAN COMPLETED A SEALED SENTENCED.  ISSUED A BENCH

21  WARRANT FOR MR. SINGLETON'S ARREST.  OVER A PERIOD OF TIME

22  WE WERE EVENTUALLY ABLE TO LOCATE MR. SINGLETON AND GET

23  HIM ARRESTED.  HE IS NOW BEFORE THE COURT FOR THE UNSEALING

24  OF THAT SENTENCE.

25      THE COURT: ALL RIGHT.

1    MR. CORBETT: JUDGE, I ALSO UNDERSTAND THAT PROBATION

2    HAS A MATTER ALONG WITH THIS.

3    THE COURT: ALL RIGHT. I DO HAVE --- AND HAVE BEEN HANDED

4    BY THE PROBATION DEPARTMENT A COPY OF A NOTICE OF A

5    PROBATION VIOLATION HEARING SCHEDULED FOR 3-12-04. THAT IS

6    THE NOTICE THAT WAS HANDED TO THE COURT AND I ALSO HAVE A

7    COPY OF THE 1106 AND A COPY OF THE ARREST WARRANT FOR THE

8    PROBATION VIOLATION THAT WHICH WAS ISSUED BY THE

9    DEPARTMENT OF PROBATION, PAROLE AND PARDON SERVICES ON

10   NOVEMBER 12TH 2003 AND WAS SERVED ON HIM ON JANUARY 13TH, 2004.

11   THIS IS FOR AN OFFENSE THAT OCCURRED FROM A SENTENCE THAT

12   WAS IMPOSED BY JUDGE LLOYD ON 6-4-03 FOR POSSESSION OF CRACK

13   COCAINE. AND IT IS BEFORE THE COURT ALSO BY THE PROBATION

14   VIOLATION TODAY. MR. MCKENZIE, I WILL TELL YOU THAT THE

15   PROBATION DEPARTMENT HAS INDICATED THEY WOULD LIKE TO GO

16   AHEAD AND DISPOSE OF THE PROBATION VIOLATION AT THE SAME

17   TIME OF THE IMPOSITION OF THE SENTENCE IN CONNECTION WITH THE

18   CASES BEFORE JUDGE NEWMAN EVEN THOUGH IT'S NOT SCHEDULE

19   UNTIL MARCH THE 12TH, IS THERE ANY OBJECTION TO DOING THAT?

20   MR. MCKENZIE: THERE IS NO OBJECTION, YOUR HONOR.

21   THE COURT: ALL RIGHT. IS THERE ANY THING FROM THE

22   DEFENSE BEFORE THE SEALED SENTENCE IS OPENED?

23   MR. MCKENZIE: NOTHING, YOUR HONOR.

24   THE COURT: ALL RIGHT. IN CONNECTION WITH CASE NUMBER

25   2000-GS-43-134, THE STATE OF SOUTH CAROLINA VS. ARTHUR

1  SINGLETON THE COURT HAS THE ORIGINAL SENTENCING DOCUMENTS

2  FROM THE SEALED SENTENCE BY JUDGE NEWMAN BACK ON

3  SEPTEMBER THE 25TH AND THE COURT WILL JUST READ THE

4  SENTENCES AS IMPOSED BY JUDGE NEWMAN AT THAT TIME.

5       ON THE COUNT FOR ASSAULT AND BATTERY WITH INTENT TO

6  KILL, COUNT ONE, THE SENTENCE OF THE COURT IS THE DEFENDANT

7  IS COMMITTED TO THE STATE DEPARTMENT OF CORRECTIONS FOR A

8  TERM OF 7 YEARS. IT IS TO RUN CONCURRENT WITH COUNT TWO AND

9  HE WILL BE GIVEN CREDIT FOR TIME SERVED.  ON COUNT TWO OF THE

10  INDICTMENT WITH ASSAULT AND BATTERY WITH INTENT TO KILL, THE

11  SENTENCE OF THE COURT, THE DEFENDANT IS COMMITTED TO THE

12  STATE DEPARTMENT OF CORRECTIONS FOR A TERM OF 12 YEARS AND

13  IS GIVEN CREDIT FOR THE TIME SERVED.  AND ON THE CHARGE OF

14  POSSESSION OF A FIREARM DURING THE CRIME OF VIOLENCE, THE

15  SENTENCE OF THE COURT WAS THAT THE DEFENDANT WAS

16  COMMITTED TO THE STATE DEPARTMENT OF CORRECTIONS FOR THE

17  TERM OF 5 YEARS TO RUN CONCURRENT AND AGAIN GIVEN CREDIT

18  FOR TIME SERVED.

19       SO, IN A NUTSHELL, THE POSSESSION OF A FIREARM WAS 5

20  YEARS.  COUNT TWO, ONE OF THE ASSAULT AND BATTERY WITH

21  INTENT TO KILL WAS 12 YEARS AND THE OTHER ASSAULT AND

22  BATTERY WITH INTENT TO KILL WAS 7 YEARS AND THEY WERE ALL

23  TO RUN CONCURRENT.

24       ALL RIGHT.  BEFORE I CALL ON MR. MCKENZIE WITH REGARD TO

25  ANYTHING WITH REGARD TO THE SEALED SENTENCE, LET ME TELL

1  MR. SINGLETON THAT THE PROBATION DEPARTMENT ALLEGES THAT

2  YOU VIOLATED YOUR PROBATION BY FAILING TO REPORT, HAVING

3  MISSED REPORTS ON 9-17-03 AND THAT YOU LAST REPORTED ON

4  AUGUST 13, '03.  YOU WERE BEHIND IN YOUR SUPERVISION FEES.  YOU

5  WERE BEHIND IN YOUR SURCHARGES AND YOU HAVE NOT ATTENDED

6  THE COURT ORDERED ALCOHOL AND DRUG ABUSE COUNSELING. DO

7  YOU UNDERSTAND THE THINGS THAT THE DEPARTMENT SAYS THAT

8  YOU DID TO VIOLATE YOUR PROBATION?

9      MR. SINGLETON: YES, SIR.

10      THE COURT: AND YOU WERE ON PROBATION FOR POSSESSION

11  OF CRACK COCAINE IMPOSED BY JUDGE LLOYD. THAT SENTENCE WAS

12  3 YEARS SUSPENDED TO 2 YEARS PROBATION.  AND IT WOULD BE

13  TREATED AS ABSCONDED, IS THAT RIGHT, MS. RUCKER?

14      MS. RUCKER: YES, SIR, YOUR HONOR.

15      THE COURT: ALL RIGHT.  YOU WOULD ALSO HAVE THE RIGHT TO

16  PRESENT ANY TESTIMONY OR ANY EVIDENCE TO ME THAT YOU WISH

17  TO PRESENT REGARDING THE PROBATION VIOLATION, DO YOU

18  UNDERSTAND THAT?

19      MR. SINGLETON: YES, SIR.

20      THE COURT: ANY YOU'RE HERE TODAY WITH MR. MCKENZIE.  I

21  KNOW HE'S REPRESENTING YOU IN CONNECTION WITH THE CRIMINAL

22  CHARGES THAT ARE BEFORE THE COURT NOW.  HAVE YOU ALSO HAD

23  A CHANCE TO TALK WITH HIM ABOUT YOUR PROBATION VIOLATION?

24      MR. SINGLETON: YES, SIR.

25      THE COURT: AND DO YOU UNDERSTAND THAT YOU HAVE THE

1    RIGHT TO APPEAL FROM WHATEVER DECISION THAT I MAKE IN

2    CONNECTION WITH YOUR PROBATION VIOLATION AND YOU MUST DO

3    THAT WITHIN 10 DAYS?

4    MR. SINGLETON: YES, SIR.

5    THE COURT: ALL RIGHT. MR. MCKENZIE, I'LL BE GLAD TO HEAR

6    FROM YOU WITH REGARD TO ANYTHING WITH REGARD TO THE

7    SENTENCE IMPOSED BY JUDGE NEWMAN OR THE PROBATION

8    VIOLATION.

9    MR. MCKENZIE: WELL, YOUR HONOR, AS YOU ARE WELL AWARE

10    AND THERE IS NOT A WHOLE LOT WE CAN DO ABOUT THE SENTENCE

11    IMPOSED. IT IS SOMETHING THAT WAS DONE IN TRIAL IN ABSENCE

12    AND MY CLIENT, ALTHOUGH HE DID NOT APPEAR IN COURT THAT DAY

13    HE WAS ALWAYS IN THE SUMTER AREA. IN FACT, HE WAS

14    APPREHENDED IN THE SUMTER AREA. I TALKED TO HIM SEVERAL

15    TIMES BY PHONE REGARDING HIS APPEARANCE IN COURT. ANY, YOUR

16    HONOR, MY CLIENT --- IT'S UNFORTUNATE HE DIDN'T APPEAR. I

17    REALLY BELIEVE THAT HAD HE APPEARED IT WOULD HAVE MADE A

18    DIFFERENCE IN THE TRIAL. IT'S DIFFICULT TO DEFEND AN EMPTY

19    CHAIR AND HE UNDERSTANDS THAT NOW. IN HINDSIGHT LIKE IT

20    ALWAYS IS 20/20 AND HE WISH THAT HE WOULD HAVE BEEN HERE BUT

21    HE WASN'T AND WE HAVE TO DEAL WITH THE FACT THAT HE WASN'T

22    HERE AND WE HAVE TO DEAL WITH THE FACT THAT HE HAVE GONE

23    DOWN THAT ROAD AND WE HAVE TO KEEP GOING DOWN THAT ROAD.

24    YOUR HONOR, IN REGARDS TO THE PROBATION VIOLATIONS, ITS MY

25    UNDERSTANDING FROM THE PROBATION DEPARTMENT THAT THEY

1    HAVE NO PROBLEM WITH RUNNING THAT SENTENCE CONCURRENT

2    WITH THE SENTENCE THAT HAS ALREADY BEEN IMPOSED BY JUDGE

3    NEWMAN AND I WOULD ASK THE COURT TO CONSIDER RUNNING THAT

4    CONCURRENT.

5         THE COURT: THAT'S WHAT I INTEND TO DO.

6         MR. MCKENZIE: THANK YOU.

7         THE COURT: ANYTHING ELSE ON BEHALF OF THE STATE, MR.

8    CORBETT?

9         MR. CORBETT: NOTHING, YOUR HONOR.

10        THE COURT: ANYTHING FROM THE PROBATION DEPARTMENT,

11   MS. RUCKER?

12        MS. RUCKER: NOTHING, YOUR HONOR.

13        THE COURT: WITH REGARD TO THE PROBATION VIOLATION, I

14   FIND THAT THERE WAS A WILLFUL AND INTENTIONAL VIOLATION OF

15   THE PROBATION BY FAILING TO REPORT AT LEAST FAILING TO

16   REPORT.  THAT IS A VIOLATION OF HIS PROBATION.  AS A RESULT OF

17   THAT THE COURT IS GOING TO REVOKE THE REMAINING, THE

18   SUSPENDED PORTION OF HIS SENTENCE AND IMPOSE THE SENTENCE

19   THAT WAS ORIGINALLY IMPOSED BY JUDGE LLOYD AND TERMINATE

20   PROBATION.  AND, OF COURSE, WITH REGARD TO THE SENTENCE

21   IMPOSED BY JUDGE NEWMAN, THE COURT WOULD SIMPLY REAFFIRM

22   THE SENTENCES THAT HAVE ALREADY BEEN IMPOSED BY JUDGE

23   NEWMAN WHICH IS BASICALLY A 12 YEAR SENTENCE TO ALL RUN

24   CONCURRENT SO THEY WILL ALL RUN TOGETHER.

25        MR. MCKENZIE: THANK YOU, YOUR HONOR.

HEARING

1        THE COURT: THANK YOU.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE

This is to certify that the hearing in State of South Carolina vs. Arthur Singleton, consisting of Nine (9) pages, is a true and correct transcript of the testimony given after being duly sworn; said hearing was reported by the method of Stenomask with Backup.

I further certify that I am not employed by any of the parties in this matter or their counsel; nor do I have any interest, financial or otherwise, in the outcome of same.

IN WITNESS WHEREOF I have hereunto set my hand and seal this 28th day of July, 2004.

Melissa R. Winfield
Certified Court Reporter

Notary Public for South Carolina
My Commission Expires: 3-5-2014

STATE OF SOUTH CAROLINA   )
                          ) COURT OF COMMON PLEAS
COUNTY OF SUMTER          )     2004-CP-43-501


ARTHUR SINGLETON,             )
                 PETITIONER)
          VS.                 )      TRANSCRIPT OF RECORD
                              )
STATE OF S.C.                 )
                 RESPONDENT)


                         OCTOBER 6, 2005
                         SUMTER, SOUTH CAROLINA



     B E F O R E:

         THE HONORABLE THOMAS W. COOPER, JR., JUDGE.



     A P P E A R A N C E S:

         CHARLES BROOKS, ESQUIRE
         ATTORNEY FOR THE PETITIONER


         PAULA MAGARGLE, ASSISTANT ATTORNEY GENERAL
         ATTORNEY FOR THE RESPONDENT



                         KATHLEEN RICHARDSON, RPR
                         OFFICIAL COURT REPORTER

2

1

**INDEX OF WITNESSES**

2  ARTHUR SINGLETON

3        DIRECT BY MR. BROOKS  . . . . . . . . . .    4

4        CROSS BY MRS. MAGARGLE  . . . . . . . . .    8

5  STEVE MCKENZIE

6        DIRECT BY MR. BROOKS  . . . . . . . . . .   12

7        CROSS BY MRS. MAGARGLE  . . . . . . . . .   15

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

# **E X H I B I T S**

2

3        (NO EXHIBITS WERE MARKED.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    *THE COURT:* ALL RIGHT. THIS IS THE MATTER OF

2    ARTHUR SINGLETON. MR. BROOKS NOW FOR THE APPLICANT

3    IN PLACE OF MRS. SHARON CLARK. IS THAT RIGHT?

4    *MR. BROOKS:* THAT'S CORRECT, JUDGE. THERE

5    SHOULD BE AN ORDER IN THE FILE.

6    *THE COURT:* I'M SURE. THANK YOU. ALL RIGHT.

7    *MR. BROOKS:* IF YOU ARE READY, JUDGE.

8    *THE COURT:* YES, SIR, MR. BROOKS. THE APPLICANT

9    IS READY?

10   *MR. BROOKS:* YES, SIR. JUDGE, WE WOULD CALL

11   ARTHUR SINGLETON TO THE STAND.

12   *THE COURT:* MR. SINGLETON, COME FORWARD, PLEASE

13   SIR, AND BE SWORN.

14                        ARTHUR SINGLETON, AFTER

15   BEING DULY SWORN, TESTIFIED AS FOLLOWS:

16   *THE COURT:* MR. BROOKS, YOU CAN EXAMINE THE

17   WITNESS.

18   *MR. BROOKS:* OKAY.

19                    DIRECT EXAMINATION

20   BY MR. BROOKS:

21   Q    OKAY. ARTHUR, YOU'RE CURRENTLY INCARCERATED ON THESE

22   CHARGES, ASSAULT AND BATTERY WITH INTENT TO KILL AND

23   POSSESSION OF A FIREARM?

24   A    YES, SIR.

25   Q    AND ANOTHER COUNT OF ASSAULT AND BATTERY WITH INTENT

ARTHUR SINGLETON - DIRECT BY BROOKS

5

1   TO KILL.  AND BASICALLY THE JUDGE GAVE YOU A 12 YEAR

2   SENTENCE?

3   A    YES, SIR.

4   Q    OKAY.  NOW, YOU WERE NOT AT YOUR TRIAL?

5   A    NO, SIR.

6   Q    CAN YOU TELL US ABOUT THAT?  WHAT WAS THE

7   RELATIONSHIP WITH YOU AND YOUR TRIAL COUNSEL, MR.

8   MCKENZIE?

9   A    WELL, ALL RIGHT.  WHEN I WAS ADVISED THAT -- TO COME

10  BACK THE -- TO ROLL CALL.  WHEN I CAME TO ROLL CALL, THEY

11  TOLD ME TO COME BACK THAT FOLLOWING MONDAY BECAUSE I WAS

12  PROBABLY GOING TO BE HERE GETTING READY TO GO TO TRIAL.

13      SO I TALKED TO MR. MCKENZIE AND ASKED COULD I BRING

14  IN A PAPER AND HOPEFULLY GET IT CONTINUANCE ON THE CASE

15  AND GIVE ME SOME TIME TO GET MY AFFAIRS STRAIGHT, AND WE

16  AGREED TO THAT.

17      SO AT THAT POINT, THAT MONDAY I CAME ON DOWN.  HE

18  TOLD ME TO COME ON DOWN ANY WAY SO THAT I WOULDN'T GET A

19  BENCH WARRANT FOR MY ARREST.  SO I CAME DOWN AND I SPOKE

20  WITH THE SOLICITOR.  THE SOLICITOR HAD SAID THAT THEY HAD

21  NO KNOWLEDGE OF WHAT WAS GOING ON.  SO I TALKED TO STEVE

22  AND HE TOLD ME HE WOULD TAKE CARE OF IT, STILL GET A

23  CONTINUANCE.

24      AND FROM THERE I LEFT FROM UP HERE.  AND I TALKED TO

25  STEVE, YOU KNOW, A FEW DAYS LATER, AND HE TOLD ME THAT THE

1   CASE WAS -- THAT MY TRIAL WAS GOING TO START AND HE KEPT

2   ME UP TO DATE WITH WHAT WAS GOING ON WITH IT, YOU KNOW,

3   DURING THE TIME TO LET ME KNOW THAT I LOST THE TRIAL.

4        SO FROM THERE I WAS BROUGHT INTO CUSTODY A WHILE,

5   MAYBE A MONTH OR TWO AFTER, AND THEY TOLD ME THAT I HAD TO

6   WAIT AND THEY HAD A SEALED SENTENCE FOR ME, AND THEY

7   OPENED THE SEALED SENTENCE, READ THE SENTENCE OFF TO ME,

8   ASKED ME -- LET -- WELL, JUDGE TOLD ME THAT---

9   Q    BUT NOW, LET'S BACK UP HERE.  WHY WERE YOU NOT AT

10  YOUR TRIAL?

11  A    WELL, I -- ONE OF THE REASONS I WAS NOT AT TRIAL IS

12  BECAUSE FOR ONE I WAS SCARED.  I AIN'T GOING TO LIE.  I

13  WAS SCARED.  FOR TWO, I FELT LIKE THAT ME AND MY COUNSEL

14  HAD ALREADY AGREED TO GET MORE TIME, A CONTINUANCE ON THE

15  CASE.  I SAY IT LIKE THAT.  WE HAD ALREADY AGREED TO GET A

16  CONTINUANCE ON THE CASE.  THEN WITH THAT -- ALSO WITH

17  THAT---

18  Q    DID, OKAY.  LET ME BACK UP.  DID HE TELL YOU HE WAS

19  GOING TO GET YOU A CONTINUANCE?

20  A    YES, SIR.

21  Q    AND YOU FELT CONFIDENT THAT THAT WAS GOING TO HAPPEN?

22  A    YES, SIR.

23  Q    IS THAT WHY YOU DIDN'T SHOW UP?

24  A    YES, SIR.

25  Q    IF YOU HAD KNOWN THAT HE WASN'T GOING TO GET A

ARTHUR SINGLETON - DIRECT BY BROOKS

7

1  CONTINUANCE, WOULD YOU HAVE BEEN THERE?

2  A    YES, SIR.  I MEAN, IF HE HAD TOLD ME THAT, NO, SIR, I

3  CAN'T GET YOU A CONTINUANCE, YES, SIR, I WOULD HAVE BEEN.

4  Q    OKAY.  NOW, THEY ULTIMATELY FOUND YOU GUILTY, ISSUED

5  A BENCH WARRANT, FOUND YOU, AND THEN IN FEBRUARY OF '04

6  YOU WERE BROUGHT IN FRONT OF JUDGE KING AND WHERE THEY

7  UNSEALED THE SENTENCE, AND THAT'S WHEN YOU FOUND OUT WHAT

8  YOU RECEIVED.  IS THAT RIGHT?

9  A    YES, SIR.

10  Q    AND DID YOU -- DID MR. MCKENZIE MAKE ANY MOTIONS TO

11  RECONSIDER YOUR SENTENCE?

12  A    WELL---

13  Q    TO YOUR KNOWLEDGE?

14  A    NOT TO MY KNOWLEDGE.

15  Q    DID HE APPEAL YOUR CASE?

16  A    NO, SIR.

17  Q    DID YOU TELL HIM YOU WANTED HIM TO APPEAL YOUR CASE?

18  A    YES, SIR.

19  Q    OKAY.  AS FAR AS YOU NOT BEING AT YOUR TRIAL, DID MR.

20  MCKENZIE HAVE ACCESS TO YOU?

21  A    AS FAR AS LIKE WHILE THE TRIAL WAS GOING ON OR AFTER

22  THE TRIAL, WE KEPT IN -- WE KEPT IN TOUCH WITH EACH OTHER

23  EVEN AFTER THE TRIAL.  WELL, WHEN THE TRIAL WAS DONE AND

24  UP UNTIL THE TIME THAT I WAS, YOU KNOW, LOCKED UP, WE, YOU

25  KNOW, I HAD CONTACT WITH HIM.

1    YOU KNOW, I NEVER LEFT TOWN OR NOTHING LIKE THAT, SO

2    I HAD CONTACT BECAUSE I WAS ALWAYS CONSTANTLY TALK --

3    TRYING TO GET IN TOUCH WITH HIM TO FIND OUT, DID YOU HEAR

4    HOW MUCH TIME I GOT OR ANYTHING LIKE THAT, YOU KNOW, SO...

5    Q    IS THERE ANY -- IS THERE ANYTHING ELSE YOU WOULD LIKE

6    TO TELL THE COURT ABOUT YOUR POST CONVICTION RELIEF

7    MATTER?  THIS IS YOUR TIME.

8    A    WELL, ALL I CAN ASK RIGHT NOW IS THAT, YOU KNOW, THAT

9    THE COURTS HAVE MERCY AND GRANT ME THIS NEW TRIAL SO THAT

10   I CAN HAVE A FAIR CHANCE TO BE THERE, YOU KNOW, BECAUSE I

11   FEEL LIKE I WOULD HAVE DID BETTER IF I WAS THERE.

12   I KNOW I WOULDN'T BE STUCK WITH THIS MUCH TIME IF I

13   WAS THERE.  I KNOW THINGS WOULD BE TOTALLY DIFFERENT.  THE

14   OUTCOME WOULD HAVE BEEN TOTALLY DIFFERENT.  AND I JUST ASK

15   THAT THE COURTS HAVE MERCY ON ME AND GRANT ME A NEW TRIAL.

16   Q    OKAY.

17        MR. BROOKS:  JUDGE, I HAVE NO OTHER QUESTIONS.

18        THE COURT:  THANK YOU.  MRS. MAGARGLE?

19        MRS. MAGARGLE:  MAY IT PLEASE THE COURT.

20        THE COURT:  THANK YOU.

21                    CROSS-EXAMINATION

22   BY MRS. MAGARGLE:

23   Q    MR. SINGLETON, I GUESS I'M A LITTLE -- JUST A LITTLE

24   CONFUSED.  YOU SAID THAT YOU WERE IN CONTACT WITH MR.

25   MCKENZIE EVEN THROUGH THE TRIAL?

ARTHUR SINGLETON - CROSS BY MAGARGLE

**43**

1   A    YES, MA'AM.

2   Q    SO YOU KNEW THAT THE TRIAL WAS GOING ON?

3   A    YES, MA'AM.

4   Q    OKAY.  AND YOU JUST DECIDED THAT YOU DIDN'T NEED TO

5   COME?

6   A    NO, I DIDN'T DECIDE THAT.  IT WAS JUST THAT I NEVER

7   BEEN IN TROUBLE BEFORE.  I WAS ONLY 20 YEARS OLD AT THE

8   TIME.

9   Q    UH-HUH.

10  A    AND I NEVER HAVE -- I HAD NO KNOWLEDGE OF WHAT WAS

11  GOING ON.  SO BEING THAT HE WAS -- HE WAS RETAINED TO

12  REPRESENT ME, I WAS UNDER THE IMPRESSION THAT, YOU KNOW,

13  BEING THAT HE WAS HERE TALKING FOR ME, THAT IT COULD -- IT

14  COULD GO LIKE THAT.

15  Q    SO YOU KNEW THAT THE TRIAL WAS GOING ON?

16  A    YES, MA'AM.

17  Q    OKAY.  AND YOUR TESTIMONY HERE TODAY IS THAT YOU WERE

18  IN CONTACT EVEN WITH HIM AFTER THE TRIAL AND AFTER YOU HAD

19  BEEN SENTENCED?

20  A    YES, MA'AM.

21  Q    OKAY.  AND -- BUT YET YOU WERE CONVICTED IN

22  FEBRUARY -- IN SEPTEMBER OR FOUND GUILTY IN SEPTEMBER.

23  WHERE WERE YOU FROM SEPTEMBER TO FEBRUARY?

24  A    IN DECEMBER I WAS IN -- INCARCERATED WAITING FOR THEM

25  TO BRING ME BACK TO COURT TO OPEN UP THE SENTENCE.  THAT

1    WAS JUST WAITING TIME.

2    Q    OKAY.  IS THAT WERE YOU -- IS THAT WHEN YOU -- WERE

3    YOU IN NEW YORK?

4    A    NO, I NEVER WAS OUT OF TOWN.

5    Q    YOU NEVER LEFT TOWN?  I'M THINKING OF SOMEONE ELSE.

6    SO THEY PICKED YOU UP IN DECEMBER?

7    A    YES, MA'AM.

8    Q    WHERE WERE YOU FROM SEPTEMBER TILL DECEMBER?

9    A    HOME.

10   Q    OKAY.  AND WHEN EXACTLY DO YOU -- DID YOU ASK

11   MR. MCKENZIE TO APPEAL?

12   A    AS SOON AS -- WHEN I GOT -- WHEN THEY OPENED UP MY

13   SENTENCE, HE WALKED ME BACK IN THE -- IN THE BULL PEN AND

14   HE TALKED TO ME, AND HE -- HE ASKED ME DID I WANT TO

15   APPEAL THE CASE, AND I ASKED -- I TOLD HIM -- I TOLD HIM,

16   YES.

17        I INSTRUCTED HIM TO FILE THE APPEAL AND, YOU KNOW, TO

18   FILE FOR THE APPEAL.  AND MY MOTHER AND MY GIRLFRIEND,

19   WHICH WAS THE PERSON RESPONSIBLE FOR PAYING HIM THE MONEY,

20   INSTRUCTED HIM AS WELL TO FILE FOR THE APPEAL.  AND THEY

21   WITNESSED THAT HE TOLD ME HE WAS GOING TO FILE FOR THE

22   APPEAL.

23        *MRS. MAGARGLE:*  BEG THE COURT'S INDULGENCE.

24        *THE COURT:*  YES, MA'AM.

25        (WHEREUPON THERE WAS A PAUSE.)

1   BY MRS. MAGARGLE:

2   Q   ALL RIGHT.  DID YOU FILL OUT THIS APPLICATION OR DID

3   SOMEONE ELSE FILL IT OUT FOR YOU?

4   A   SOMEONE HAD HELPED ME FILL IT OUT.

5   Q   ALL RIGHT.  BUT DID YOU LOOK AT IT?

6   A   YES, MA'AM.

7   Q   OKAY.  SO YOU KNOW WHAT IT SAYS?

8   A   YES, MA'AM.

9   Q   I MEAN, I GUESS YOU GAVE THEM DATES?

10  A   YES, MA'AM.

11  Q   OKAY.  BECAUSE ACCORDING TO YOUR APPLICATION -- I

12  MEAN, YOU JUST TESTIFIED THAT YOU ASKED HIM TO DO IT AFTER

13  THE SENTENCE.  BUT ACCORDING TO YOUR APPLICATION, YOU SAID

14  THAT YOU ASKED HIM TO APPEAL THE GUILTY VERDICT ON 9-25,

15  WHICH WOULD HAVE BEEN AFTER THE TRIAL.

16  A   YEAH.  I -- I MADE A MISTAKE THEN.

17  Q   OH, OKAY.

18  A   YES, MA'AM.

19  Q   OKAY.

20        *MRS. MAGARGLE:*  THANK YOU, YOUR HONOR.  NO

21     FURTHER QUESTIONS.

22        *THE COURT:*  ALL RIGHT.  MR. BROOKS?

23        *MR. BROOKS:*  NO OTHER QUESTIONS, JUDGE.

24        *THE COURT:*  THANK YOU.  MR. SINGLETON, YOU CAN

25     STEP DOWN.

```
 1              THE WITNESS:  YES, SIR.

 2              (WHEREUPON THE WITNESS LEFT STAND).

 3              MR. BROOKS:  JUDGE, WE WOULD CALL STEVE MCKENZIE

 4         TO THE STAND.

 5              THE COURT:  MR. MCKENZIE, COME FORWARD, PLEASE,

 6         AND BE SWORN.

 7                                    STEVE MCKENZIE, AFTER

 8    BEING DULY SWORN, TESTIFIED AS FOLLOWS:

 9              MR. BROOKS:  JUDGE, WE WOULD ASK FOR PERMISSION

10         TO LEAD.

11              THE COURT:  YES, SIR.  ONCE AGAIN, RULE 611 IS

12         APPLICABLE THAT WILL ALLOW YOU TO LEAD.

13                        DIRECT EXAMINATION

14    BY MR. BROOKS:

15    Q    MR. MCKENZIE, YOU REPRESENTED MR. SINGLETON IN THIS

16    MATTER, THIS CRIMINAL MATTER?

17    A    I DID.

18    Q    AND WHEN DID YOU GET INVOLVED IN THIS CASE?

19    A    LOOK BACK IN MY FILE.  I DON'T RECALL THE SPECIFIC

20    DATE, BUT I THINK I HAVE ON MY NOTES -- I BELIEVE IT WAS

21    IN SEPTEMBER BEFORE.  AND THE REASON I SAY THAT, I PULL IT

22    OUT OF A LEGAL PAD AND I CAN SEE A NINE UP HERE ON THE TOP

23    WHEN I TOOK MY INITIAL INTERVIEW WITH HIM OR TALKED WITH

24    HIM, SEPTEMBER BEFORE THE TRIAL.

25    Q    OKAY.
```

STEVE MCKENZIE - DIRECT BY BROOKS

1   A    SO THAT WOULD HAVE BEEN SEPTEMBER OF 2003, I BELIEVE.

2   Q    AND THE TRIAL TOOK PLACE I BELIEVE SEPTEMBER 23rd?

3   A    I'M SORRY.  SEPTEMBER 23rd WOULD HAVE BEEN THE

4   TRIAL, I BELIEVE.  AND THEN THE SENTENCING WOULD HAVE BEEN

5   FEBRUARY.

6   Q    TWENTY-SIXTH?

7   A    2004.

8   Q    FEBRUARY 26th?

9   A    RIGHT.  SO I DIDN'T GET INVOLVED IN THE CASE WITH

10  ARTHUR UNTIL RIGHT BEFORE THE TRIAL.  AND THE REASON FOR

11  THAT WAS BECAUSE I BELIEVE ARTHUR WAS -- HAD BEEN ON A

12  BENCH WARRANT PRIOR AND HAD HIRED SOMEONE ELSE TO HAVE HIM

13  REMOVED FROM THE BENCH WARRANT OR HAVE THE BENCH WARRANT

14  LIFTED.

15      AND HE CAME TO ME TRYING TO STALL FOR SOME TIME TO

16  TRY TO, YOU KNOW, GET THE CASE ON FURTHER DOWN THE ROAD

17  BEFORE HE HAD TO ACTUALLY DO ANYTHING.  AND I TOLD HIM AT

18  THAT TIME, I SAID, LISTEN, ALL I CAN DO IS GO TRY AND GET

19  A CONTINUANCE.

20      THE BEST I CAN DO IS ASK, YOU KNOW, MAYBE THEY WILL

21  CONTINUE IT, MAYBE NOT, BUT THAT'S UP TO THE SOLICITOR'S

22  OFFICE.  I TELL ALL MY CLIENTS, THEY CALL THE CASES FOR

23  TRIAL, ALL I CAN DO IS RESPOND AND BE THERE WHENEVER

24  THEY -- THEY DO THAT.

25      ARTHUR AND I CAME TO A COMBINATION (SIC) ON THE

1    MONEY. HE DID NOT PAY ME ALL OF THE MONEY HE OWED ME

2    FOR -- TO TRY THE CASE, BUT HE HAD PAID ME SOME PRIOR TO

3    THE TRIAL ITSELF. AND AS ARTHUR TOLD YOU, I CALLED HIM

4    AND TOLD HIM THAT THE TRIAL WAS COMING UP, AND HE

5    COULDN'T -- HE WOULDN'T COME TO COURT.

6    Q    SO YOU NEVER TOLD HIM THAT YOU WOULD GUARANTEE HIM A

7    CONTINUANCE?

8    A    NO. I TOLD HIM THE SOLICITOR'S OFFICE IS -- WAS IN

9    CHARGE OF WHETHER OR NOT CONTINUANCES -- THEY WERE IN

10   CHARGE OF CALLING THE CASES FOR TRIAL, COURT WAS IN CHARGE

11   OF GRANTING CONTINUANCES.

12       I MADE A MOTION AT THE TRIAL FOR A CONTINUANCE. ALSO

13   MADE A MOTION FOR A COMPETENCY EVALUATION BECAUSE AT THE

14   TIME ARTHUR AND I WERE HAVING DISCUSSIONS OVER THE

15   TELEPHONE, HE WOULD CALL ME. I COULDN'T CALL HIM BECAUSE

16   THE -- MY CELLPHONE -- HE HAD MY CELLPHONE NUMBER.

17       BUT WHEN IT CAME UP ON THE CELLPHONE, THE CALLER ID,

18   IT WOULD SAY, PRIVATE NUMBER. AND SO I COULD NEVER CALL

19   HIM. SO ARTHUR ALWAYS CALLED ME AND I WOULD TELL HIM WHAT

20   WAS GOING ON OR APPRISE HIM OF WHAT'S GOING ON IN THE

21   TRIAL.

22       AND SO DURING THE TRIAL I ALMOST DID EVERYTHING BUT

23   BEG HIM TO COME TO TRIAL, BECAUSE I FELT LIKE IF HE WOULD

24   HAVE COME TO TRIAL, WE WOULD HAVE WON THE CASE.

25   Q    OKAY. AND SUBSEQUENT -- WELL, AFTER THE TRIAL, THE

STEVE MCKENZIE - DIRECT BY BROOKS

15

1    GUILTY VERDICT, YOU GUYS CAME BACK IN FEBRUARY WHEN JUDGE

2    KING UNSEALED THE SENTENCE?

3    A    RIGHT.

4    Q    DID YOU AT ANY TIME AFTER THAT MAKE A MOTION TO

5    RECONSIDER THE SENTENCE?

6    A    I DID NOT.

7    Q    AND AS FAR AS HIS APPEAL, DID YOU EVER FILE AN

8    APPEAL?

9    A    I DID NOT FILE AN APPEAL.

10   Q    OKAY.

11       MR. BROOKS:  BEG THE COURT'S INDULGENCE, YOUR

12       HONOR.

13       THE COURT:  THANK YOU.

14       (MR. BROOKS CONFERRING WITH CLIENT.)

15       MR. BROOKS:  NO OTHER QUESTIONS, JUDGE.

16       THE COURT:  THANK YOU.  MRS. MAGARGLE?

17       MRS. MAGARGLE:  THANK YOU, YOUR HONOR.  JUST

18       BRIEFLY.

19                  CROSS-EXAMINATION

20   BY MRS. MAGARGLE:

21   Q    MR. MCKENZIE, IF HE HAD ASKED YOU TO FILE AN APPEAL,

22   WOULD YOU HAVE DONE SO?

23   A    I WOULD HAVE.  AND MY PROCEDURE HAS BEEN -- AND I

24   HAVE DONE THIS BEFORE -- I HAVE HAD CLIENTS WHO HAVE BEEN

25   FOUND GUILTY, I WOULD HAVE SENT A NOTICE OF INTENT TO

1    APPEAL AND THEN SENT ALL THE -- COURT ALL THE

2    INFORMATION -- THE OFFICE OF INDIGENT DEFENSE -- WHICH I

3    WOULD HAVE DONE IN HIS CASE, TOO.

4        I -- I DO RECALL HAVING A DISCUSSION WITH ARTHUR

5    AFTER THE CASE.  HE DID NOT ASK ME TO APPEAL.  WE MAY HAVE

6    DISCUSSED THE APPEAL, BUT IT WAS ONLY TO THE STANDPOINT

7    OF, ARTHUR, I DON'T THINK YOU HAVE A CASE TO APPEAL

8    BECAUSE YOU DIDN'T SHOW UP FOR TRIAL, AND IF YOU DON'T

9    SHOW UP FOR TRIAL, IT'S KIND OF DIFFICULT FOR ME TO -- FOR

10   THERE TO BE ANY EVIDENCE REALLY TO APPEAL ON.

11       AGAIN, GOING BACK TO THE -- ONE OF THE JURORS

12   ACTUALLY TOLD ME AT THE TRIAL, AFTER THE TRIAL, THAT HAD

13   YOUR CLIENT SHOWN UP AND JUST SAID ANYTHING, WE WOULD HAVE

14   PROBABLY ACQUITTED HIM.  THIS WAS A TRIAL IN ABSENCE AND

15   THE JURY WAS OUT TWO HOURS.

16       AND I -- THAT'S WHY I -- I DISCUSSED IT WITH THE

17   JURORS AFTERWARDS.  AND I WAS VERY DISAPPOINTED.  I --

18   LIKE I SAID, I HAD TO TALK TO ARTHUR ACTUALLY AT ONE OF

19   THE BREAKS DURING THE TRIAL TRYING TO GET HIM TO COME UP

20   TO THE COURTHOUSE.

21       AND, YOU KNOW, AND HE WAS -- HE WAS VERY SCARED.  I

22   WILL BE HONEST WITH YOU.  HE WAS VERY SCARED AND

23   INTIMIDATED BY THE SYSTEM.  BUT HE HAD HAD A PRIOR

24   CONVICTION FOR CRACK COCAINE, SO HE WAS NO STRANGER TO IT.

25   BUT HE WAS SCARED OF THE TRIAL AND JUST SAID, I JUST CAN'T

STEVE MCKENZIE - DIRECT BY BROOKS

17

1   DO IT, I CAN'T COME UP THERE.

2        AND I SAID, ARTHUR, I PROMISE YOU, IF YOU COME UP

3   HERE, I THINK THIS JURY WILL DO THE RIGHT THING.  AND HE

4   JUST WOULDN'T COME UP THERE.  AND THE CASE WAS A -- A

5   SITUATION WHERE I FELT LIKE ARTHUR WAS JUSTIFIED IN WHAT

6   HAPPENED IN THE SITUATION.

7        IT WAS A ASSAULT AND BATTERY WITH INTENT TO KILL

8   WHERE TWO PEOPLE WERE WOUNDED AND THE USE OF A WEAPON

9   DURING A VIOLENT CRIME.  AND I FELT LIKE IF ARTHUR WOULD

10  HAVE SHOWN UP AND TOLD HIS SIDE OF THE STORY, THE JURY

11  WOULD HAVE ACQUITTED HIM, AND THAT'S THE -- THAT'S THE

12  INFORMATION I GOT FROM THE JURORS.

13       THE GUY THAT WAS SHOT WAS BASICALLY A STREET THUG AND

14  A DRUG DEALER AND HAD BEEN HARASSING ARTHUR PRIOR TO THIS,

15  AND ARTHUR WAS BASICALLY DEFENDING HIMSELF.  AND HAD HE

16  SHOWN UP AND GIVEN HIS SIDE OF THE STORY -- I JUST DIDN'T

17  HAVE A STORY TO TELL, DIDN'T HAVE ANYBODY TO TELL IT.

18       SO ALL I COULD DO IS CROSS-EXAMINE THE WITNESSES THEY

19  PRESENTED.  THEY PRESENTED TWO WITNESSES.  AND LIKE I

20  SAID, ON TWO WITNESSES, THE JURY, IT TOOK THEM TWO HOURS

21  TO DELIBERATE ON A TIA, A TRIAL IN ABSENCE.

22       AND SO I FELT LIKE WE DID -- THAT I DID DO THE BEST

23  JOB I COULD.  I JUST DIDN'T HAVE ANYTHING -- THERE WASN'T

24  ANY EVIDENCE TO -- TO APPEAL.  AND IF ARTHUR AND I

25  DISCUSSED THE APPEAL, THAT'S WHAT I WOULD HAVE TOLD HIM,

1   BUT HE NEVER ASKED ME TO APPEAL.

2   Q    AND AGAIN, YOUR TESTIMONY IS IS THAT OBVIOUSLY YOU

3   TRIED TO GET MR. SINGLETON TO COME TO COURT AND HE REFUSED

4   TO COME TO COURT?

5   A    I BEGGED HIM TO COME TO COURT.

6        *MRS. MAGARGLE:*  THANK YOU, YOUR HONOR.  THAT'S

7        ALL I HAVE.

8        *THE COURT:*  THANK YOU.  REDIRECT, MR. BROOKS?

9        *MR. BROOKS:*  NONE, YOUR HONOR.

10       *THE COURT:*  THANK YOU.  MR. MCKENZIE, YOU CAN

11       STEP DOWN.

12       *THE WITNESS:*  THANK YOU, YOUR HONOR.

13       (WITNESS LEFT THE STAND).

14       *THE COURT:*  MR. BROOKS?

15       *MR. BROOKS:*  JUDGE, THAT -- WE DON'T HAVE ANY

16       OTHER WITNESSES.  I WOULD LIKE TO CLOSE AND SAY THAT

17       OBVIOUSLY MY CLIENT---

18       *THE COURT:*  LET ME MAKE SURE SHE DOESN'T HAVE

19       ANY OTHER WITNESSES AND THEN I WILL HEAR FROM YOU.

20       MRS. MAGARGLE, ANYTHING FROM THE STATE?

21       *MRS. MAGARGLE:*  NO, YOUR HONOR.

22       *THE COURT:*  NOW MR. BROOKS.

23       *MR. BROOKS:*  SORRY, JUDGE.  THAT'S -- KIND OF

24       KNOWING THE AG'S OFFICE IS GOING TO DO AND WHAT THEY

25       ARE NOT GOING TO DO.

1    THE COURT:  AND I HAD A PRETTY GOOD IDEA MYSELF,

2    BUT I WANTED WITH IT ON THE RECORD.

3        MR. BROOKS:  BUT IN CLOSING, THE ISSUES IN

4    REGARDS TO LACK OF MOTION FOR RECONSIDERATION BEING

5    FILED AND LACK OF AN APPEAL BEING FILED, AND IF

6    ANYTHING, MY CLIENT IS STILL AS -- HAS THE RIGHT TO

7    AN APPEAL, HAS A RIGHT.

8        AND AS SUCH, WE WOULD AT LEAST ALLOW -- ASK THE

9    JUDGE TO ALLOW THAT TO OCCUR SHOULD THE COURT IN

10   LIGHT OF MY CLIENT ADMITTING THAT HE DIDN'T SHOW AND

11   WAS SCARED.

12       THE COURT:  RIGHT.

13       MR. BROOKS:  IN LIGHT OF THE JUDGE -- IN LIGHT

14   OF THE COURT PERHAPS DENYING HIS POST-CONVICTION

15   RELIEF IN -- AS IT AFFECTS THE TRIAL COUNSEL, BUT AS

16   FAR AS GIVING HIM THE RIGHT TO HAVE HIS APPEAL HEARD,

17   WE'D APPRECIATE THAT.

18       THE COURT:  THANK YOU, MR. BROOKS.  MRS.

19   MAGARGLE, ANYTHING FROM THE STATE?

20       MRS. MAGARGLE:  YOUR HONOR, OBVIOUSLY I THINK

21   THE RECORD SPEAKS FOR ITSELF.  MR. MCKENZIE SAID IF

22   HE HAD BEEN ASKED, HE WOULD HAVE FILED ONE.  HE WAS

23   NEVER ASKED TO FILE AN APPEAL.  AND THEREFORE, WE'D

24   ASK THAT THE WHOLE APPLICATION BE DISMISSED.

25       THE COURT:  THANK YOU.  ONCE AGAIN, LADIES AND

**5**

20

```
 1        GENTLEMEN, I WILL TAKE THIS MATTER UNDER ADVISEMENT,

 2        WILL ADVISE BOTH SIDES OF MY RULING IN THIS REGARD

 3        WITHIN TWO WEEKS BY JOINT LETTER.  THE PREVAILING

 4        PARTY WILL BE ASKED TO PREPARE AN APPROPRIATE ORDER.

 5        THANK YOU.

 6             MR. BROOKS:  THANK YOU, JUDGE.

 7             THE COURT:  THANK YOU.

 8             (END OF REQUESTED TRANSCRIPT OF RECORD.)

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

<u>CERTIFICATE OF REPORTER</u>

STATE OF SOUTH CAROLINA   )
                          )
COUNTY OF SUMTER          )

I, KATHLEEN RICHARDSON, RPR, OFFICIAL COURT REPORTER FOR THE THIRD JUDICIAL CIRCUIT OF THE STATE OF SOUTH CAROLINA, DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE, ACCURATE AND COMPLETE TRANSCRIPT OF RECORD OF THE PROCEEDINGS HAD AND EVIDENCE INTRODUCED IN THE TRIAL OF THE CAPTIONED CASE, RELATIVE TO APPEAL, IN THE COURT OF COMMON PLEAS FOR SUMTER COUNTY, SOUTH CAROLINA, ON THE SIXTH DAY OF OCTOBER, 2005.

I DO FURTHER CERTIFY THAT I AM NEITHER OF KIN, COUNSEL NOR INTEREST TO ANY PARTY HERETO.

APRIL 28, 2006

_Kathleen Richardson_
KATHLEEN RICHARDSON, RPR

STATE OF SOUTH CAROLINA     RECORDED

COUNTY OF SUMTER     2006 MAR 17  AM 11: 48     IN THE COURT OF COMMON PLEAS
                                                THIRD JUDICIAL CIRCUIT

                      JAMES W. CAMPBELL
                      CLERK OF COURT          04-CP-43-501
                      SUMTER COUNTY, S.C.

Arthur Singleton, 300109,                )
                                         )
        Applicant,                       )
                                         )
        v.                               )     **ORDER OF DISMISSAL**
                                         )     **WITH PREJUDICE**
State of South Carolina,                 )
                                         )
        Respondent.                      )
                                         )
_____)

*Charles Brooks, Esq. appearing for the Applicant.*

*Paula S. Magargle, Esq., Assistant Attorney General, appearing for the
Respondent.*

This is a post-conviction relief (PCR) matter. The Applicant alleges in his PCR
application filed April 16, 2004, that he is being held in custody unlawfully due to the
ineffective assistance of trial counsel. An evidentiary hearing was convened at the Sumter
County Courthouse on October 6, 2005.

# I. PROCEDURAL BACKGROUND

The Applicant is presently confined in the South Carolina Department of Corrections
pursuant to orders of commitment of the Clerk of Court for Sumter County. The Applicant was
indicted at the January 2000 term of the Court of General Sessions for Sumter County for two (2)
counts assault and battery with intent to kill (ABWIK) and possession of a firearm during the
commission of a crime of violence (00-GS-43-134). He was represented by Steve McKenzie,
Esquire. On September 23, 2003, the Applicant was tried in his absence and he was found guilty



Page 1 of 7

as indicted. The Honorable Clifton Newman was the trial judge and issued a sealed sentence. On February 26, 2004, the Honorable Howard P. King unsealed the sentence and order the Applicant to confinement for a period of twelve (12) years for one count of ABWIK, seven (7) years for the other count of ABWIK concurrent, and five (5) years for Possession of a firearm concurrent. Applicant did not file an appeal.

## II. APPLICABLE LAW

### a. Ineffective Assistance of Trial Counsel

In a post-conviction relief action, the Applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Butler v. State.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler v. State. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

The courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry v. State, 300 S.C. at 117, 385 S.E.2d at 625, citing Strickland. Second, counsel's

Page 2 of 7

deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry v. State; Johnson v. State, 325 S.C. 182, 480 S.E.2d 733 (1997).

## III.  SUMMARY OF TESTIMONY PRESENTED AT THE PCR EVIDENTIARY HEARING, FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Applicant and  the Applicant's former trial counsel, Steve McKenzie, testified at the PCR evidentiary hearing.

The Court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly.  Further, this Court reviewed the Clerk of Court records regarding the subject conviction, the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and documents from the prior proceedings, and legal arguments of counsel.  Pursuant to S.C. Code Ann. § 17-27-80 (1985), this Court makes the following findings of fact based upon all of the probative evidence presented.

**Allegation of ineffective assistance of counsel for failing to get a continuance.**

The Applicant testified that trial counsel was ineffective for failing to get a continuance in his case.  Applicant testified that he did not show up for his trial because counsel told him he would get a continuance.  Applicant further testified that he did not show up for trial because he was scared.  On cross-examination, Applicant admitted that he was in contact with counsel throughout the trial.

Counsel testified that he called Applicant and informed Applicant that his case was



coming up for trial and Applicant would not come to court. Counsel further testified that he never guaranteed Applicant that he could get a continuance in his trial. Counsel also testified that he spoke with Applicant throughout the trial and begged Applicant to come to court for the trial but that Applicant refused to come to court. Counsel testified that he believes that if Applicant had come to court that he would have been acquitted but that it was Applicant's decision not to come to court even though counsel begged Applicant.

This Court finds that trial counsel's testimony was credible and the Applicant's testimony was not credible. This Court further finds that the Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. Strickland v. Washington; Cherry v. State. This was a matter of trial strategy and not ineffective assistance of counsel. Where counsel articulates a valid strategic reason for his action or inaction, counsel's performance should not be found ineffective. Roseboro v. State, 317 S.C. 292, 454 S.E.2d 312 (1996). This allegation of ineffective assistance of counsel is denied.

However, even if Applicant has proven the first prong of the Strickland test that his counsel's representation was deficient for failing to get a continuance, he must further prove the second prong and that is because of this deficiency there is reasonable probability that counsel's deficient conduct prejudiced the outcome of Applicant's trial. This Court finds that the Applicant has failed to prove the second element of Strickland requiring prejudice. Therefore, Applicant has failed to show prejudice. This allegation of ineffective assistance of counsel is denied.

**Allegation of ineffective assistance of counsel for failing to file an appeal.**

The Applicant testified that trial counsel failed to file a notice of intent to appeal on

Page 4 of 7

Applicant's behalf. Applicant admitted that the sentencing judge advised him of his right to appeal. Counsel testified that Applicant never asked him to appeal his case. Counsel further testified that if he had been asked to file an appeal he would have filed the notice.

This Court finds that trial counsel's testimony was credible and the Applicant's testimony was not credible. This Court further finds that the Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. Strickland v. Washington; Cherry v. State. This was a matter of trial strategy and not ineffective assistance of counsel. Where counsel articulates a valid strategic reason for his action or inaction, counsel's performance should not be found ineffective. Roseboro v. State, 317 S.C. 292, 454 S.E.2d 312 (1996). This allegation of ineffective assistance of counsel is denied.

However, even if Applicant has proven the first prong of the Strickland test that his counsel's representation was deficient for failing to file a notice of intent to appeal, he must further prove the second prong and that is because of this deficiency there is reasonable probability that counsel's deficient conduct prejudiced the outcome of Applicant's trial. This Court finds that the Applicant has failed to prove the second element of Strickland requiring prejudice. Therefore, Applicant has failed to show prejudice. This allegation of ineffective assistance of counsel is denied.

## Miscellaneous allegations

As to any and all allegations which were or could have been raised in the application or at



Page 5 of 7

the hearing in this matter, but were not specifically addressed in this Order, this Court finds that the Applicant failed to present any probative evidence regarding such allegations. Accordingly, this Court finds that the Applicant waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are dismissed with prejudice.

## CONCLUSION

This Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

### Applicant's Right to Appeal

Pursuant to Austin v. State, 305 S.C. 453 (1991), an Applicant has a right to an appellate counsel's assistance in seeking review of the denial of PCR. Appellate counsel is required to brief arguable issues in order to safeguard the right to appeal. Rule 71.1(g), SCRCP, provides that if the applicant wishes to seek appellate review, PCR counsel must file a Notice of Appeal on the Applicant's behalf. The Court advises the Applicant and his attorney of record that any Notice of Appeal must be filed within thirty (30) days of service of the signed copy. Your attention is directed to South Carolina Appellate Court Rule 227 for appropriate procedures on appeal.



**IT IS THEREFORE ORDERED THAT:**

1. The post-conviction relief application is **DENIED**.

2. The Court advises the Applicant and his attorney of record that any Notice of Appeal must be filed within thirty (30) days of service of the signed copy. Your attention is directed to South Carolina Appellate Court Rule 227 for appropriate procedures on appeal.

3. The Applicant is remanded to the custody of the Respondent for the completion of his sentence.

Thomas W. Cooper, Jr.
Presiding Judge, Third Judicial Circuit

_Manning_, South Carolina

_March 14_, 2006.

63

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

IN THE COURT OF COMMON PLEAS

RECORDED
2006 MAR 17 AM 11: 15

JAMES ~~~~ELL
CLERK OF COURT
SUMTER COUNTY, S.C.

ARTHUR SINGLETON, 300109,

Applicant,

v.

STATE OF SOUTH CAROLINA,

Respondent.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Return to Motion to Supplement Appendix has been served upon the applicant by mailing one (1) copy in the United States mail, postage prepaid, addressed to:

Charles Brooks, III, Esquire
309 Broad St.
Sumter, SC 29150

This 16th day of March, 2006.

TOMMY MCGRATH
LEGAL ASSISTANT

```
CMTI330D                    SCDC OFFENDER MANAGEMENT SYSTEM           06/23/04
OMCOMITA                         RELEASE DATE SCREEN                  BUFFS
SCDC# >  300109                                       LOC: EVANS
SINGLETON, ARTHUR L.                   SCDC CLASSIFICATION..: VIOLENT

OFFENDER TYPE...: ADULT-STRAIGHT SENTENCE   SEXUAL PREDATOR..: NOT APP
                                            DNA STATUS.......: COMPLETED
TOTAL SENTENCE..: 012-00-000   CONSECUTIVE SENTENCE ..: N
CURRENT SENTENCE: 012-00-000   CURRENT SENT START DATE: 02/21/2004
PROJECTED COMPLETION DATES
  MAXOUT DATE .....: 05/01/2014   CURRENT EWC .: 3 F 5
  YOA SIX YEAR DATE:   /  /       CURRENT EEC .: NOT CURRENTLY EARNING EEC
INITIAL PAROLE DATE: 05/03/2014   NEXT PAROLE HEARING DATE: 05/03/2014


TOTAL GT DAYS EARNED .......: 000000   LABOR CREW/WORK PROG DATE: 99/99/9999
TOTAL EARNED WORK CREDITS ..: 000029   LABOR CREW DISQ REASON:
TOTAL EDUCATION CREDITS ....: 000000     OFFENSE > CAT 3
TOTAL EXTRA EARNED CREDITS .: 000
TOTAL SERVICE TIME EARNED ..: 000122


 PFKEYS:     5:HISTORY OF DATE CHANGES
4 - 6             1 Sess-1    167.7.50.33           TNET0284          3/11
```

65

```
              CLASSIFICATION SUMMARY REPORT DATED 06/23/04
SCDC# 300109        SINGLETON,ARTHUR L.                        BUFFS
OFFENDER TYPE.: ADULT-STRAIGHT SENTENCE          FBI# 113867RB2
INSTITUTION ..: EVANS CORR INST
SECURITY/CUST.: 3    MINIMUM IN                DORM.............: 1A0270A
TOT INCARD SENT....: 12 YRS  0 MOS  0 DYS
CENTRAL MONITORING: NO                     PROJ MAXOUT DATE: 05/01/2014
MED CLASS: 1 NO MED PROB/NO WORK RESTRICT  PROJ PAROLE DATE: 05/03/2014
MENTAL CLASS: NMH (NO MENTAL HEALTH TRE    EWC JOB..: CUSTODIAL WORKER
CURRENT PROGRAM..: NO CURRENT PROGRAM      EDUC PGM.: NO CURR EDUC PROGRAM
AGE...: 21                                 EWC LEVEL: 3F5    EEC LEVEL:
                                           ASSIGNMENT..: BLDING DETAIL BLDG.
--------------------------------------------------------------------------
PREVIOUS NUMBERS:
** NO PREVIOUS NUMBERS **

                          SENTENCE            SENTENCE
CURRENT OFFENSES         YRS MOS DYS COUNTY   START  V/NV CAT  INDICT
CRACK POSSESS             3   0   0  SUMTER   02/26/2004 N  2 01GS43-497
FIREARMS PROVISION        5   0   0  SUMTER   02/21/2004 N  3 00GS43134
ASSLT & BATT W/INTNT KILL 7   0   0  SUMTER   02/21/2004 V  4 00GS43134
ASSLT & BATT W/INTNT KILL 12  0   0  SUMTER   02/21/2004 V  4 00GS43134
PRIOR COMMITMENTS OVER 90 DAYS:
    *INMATE HAS NO PRIORS*
DETAINERS (HOLD,WANTED,NOTIFY):
    BURGLARY                    NOTIFY    OPEN ARREST NOTIFICATION CATEG: 4
    ASSLT & BATT W/INTNT KILL   NOTIFY    OPEN ARREST NOTIFICATION CATEG: 4
    BURGLARY-2ND DEG/NON-VIO    WANTED    JUDGE KING,H             CATEG: 3
    FAIL TO STOP FOR OFFICER    WANTED    PRESIDING JUDGE          CATEG: 2
ESCAPES:
    *NO ESCAPE HISTORY*
CRIMINAL CHARGES:
    *NO CRIMINAL CHARGES HISTORY*
ASSAULTIVE DISCIPLINARIES:
    *NO ASSAULTIVE DISCIPLINARY HISTORY*
NON-ASSAULTIVE DISCIPLINARIES:
    *NO NON-ASSAULTIVE DISCIPLINARY HISTORY*
HISTORY OF MOVEMENTS:
    03/17/04  EVANS         INCARCERATED       ADMINISTRATIVE
    03/01/04  KIRKLAND      INCARCERATED       NEW ADMISSION
HISTORY OF EARNED WORK CREDIT ASSIGNMENTS:
JOB                    START      END       TERMINATION            JOB
DESCRIPTION            DATE       DATE      REASON                 LVL
CUSTODIAL WORKER       03/18/04   00/00/00                         3F5
HISTORY OF EARNED EDUCATION CREDITS:
EEC                    START      END       TERMINATION
DESCRIPTION            DATE       DATE      REASON
*NO SCHOOL ASSIGNMENTS*
    ********* END OF REPORT *********
```

STATE OF SOUTH CAROLINA

**IN THE COURT OF GENERAL SESSIONS**

6

COUNTY OF Sumter

STATE    vs.

Arthur L. Singleton

DEPUTY CLERK
SUMTER COUNTY
SOUTH CAROLINA

INDICTMENT/CASE#:

-GS- 43 / 134

A/W#: D-768309

- AKA:
- Race: ___ Sex: M Age: ___
- DOB: ___ SS#: ___
- Address: ___
- City, State, Zip ___
- DL# ___ SID# ___

Date of Offense: 10-2-99
S.C. Code §: 16-3-620
CDR Code #: 0 1 0 1 1 4

☐ CASE RESTORED

**SENTENCE**

☐ PLEA    ☒ TRIAL

In disposition of the said indictment comes now the Defendant who was ☒ CONVICTED OF or ☐ PLEADS
TO: Assault & Battery with intent to kill - Count 2
in violation of § ___ of the S.C. Code of Laws, bearing CDR Code # 0 1 0 1 1 4
☐ NON-VIOLENT    ☒ VIOLENT    ☐ SERIOUS    ☒ MOST SERIOUS    ☐ 17-25-45

The charge is: ☒ As Indicted, ☐ Lesser Included Offense, ☐ Defendant Waives Presentment to Grand Jury.
The plea is: ☐ Without Negotiations or Recommendation, ☐ Negotiated Sentence, ☐ Recommendation by the State.
ATTEST: _____ Solicitor _____ Defendant _Steve McKenzie_ Attorney for Defendant

WHEREFORE, the Defendant is committed to the ☒ **State Department of Corrections,** ☐ **County Detention Center,**
for a determinate term of 12 days/months/years or ☐ under the **Youthful Offender Act** not to exceed _____ years
and/or to pay a fine of $_____; provided that upon the service of _____ days/months/years and/or payment
of $_____; plus costs and assessments as applicable*; the balance is suspended with **probation** for _____
months/years and subject to South Carolina Department of Probation, Parole and Pardon Services standard conditions
of probation, which are incorporated by reference.
☐ CONCURRENT  or  ☐ CONSECUTIVE to sentence on:_____
☒ The Defendant is to be given credit for time served pursuant to S.C. Code §24-13-40 to be calculated and applied
by the State Department of Corrections.

**SPECIAL CONDITIONS:**

☐ RESTITUTION: ☐ Heard, ☐ Waived, ☐ Ordered
Total: $_____ plus 20% fee: $_____
Payment Terms:_____
☐ set by SCDPPPS
Recipient:_____

PTUP ☐ _____
_____ days/hours Public Service Employment
Obtain GED
Attend Voc. Rehab. or Job Corp.
May serve W/E beginning _____
Substance Abuse Counseling
Random Drug/Alcohol Testing
Fine may be pd. in equal, consecutive weekly/monthly pmts. of $_____ beginning _____
$_____ paid to Public Defender Fund
Other:_____

| | |
|---|---|
| *Fine: | $ |
| §14-1-206 (Assessments 107.5%) | $ |
| §14-1-211(A)(1) (Surcharge) | $ 100.00 |
| §14-1-211(A)(2) (Surcharge) | $ |
| §56-5-2995 (DUI Assessment) | $ |
| §73.3, 1B TP (Law Enforce. Funding) | $ 25.00 |
| §33.7, 1B TP (Drug Court Surcharge) | $ |
| §50-21-114(BUI Breath Test Fee) | $ |
| §56-5-2942(J) (Vehicle Assessment) | $ |
| 3% to County (if paid in installments) | $ 3.75 |
| TOTAL | $ 128.75 |

☐ Appointed PD or appointed other counsel, §35.13 TF
Requires $500 be paid to Clerk during probation

PRESIDING JUDGE _____
Judge Code: 0 1 1 1 2 1 7
Sentence Date: 09-25-03

Clerk of Court/ Deputy Clerk _O V Player_

Court Reporter: _Margaret Sullivan_

Sealed Sentence opened by Judge Howard P. King & read to defendant 022604 (Thea M. Winfrey)

**67**

STATE OF SOUTH CAROLINA

COUNTY OF Sumter

CERTIFIED TRUE COPY
OF ORIGINAL FILED

**IN THE COURT OF GENERAL SESSIONS**

STATE  VS.  Sharon H. Dennis

AKA: Arthur L. Singleton

DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA

INDICTMENT/CASE#:

-GS- 43 - 134

D- 769310

Date of Offense: 10-2-99

| | | |
|---|---|---|
| Race: | Sex: M | Age: |
| DOB: | SS#: | |
| Address: | | |
| City, State, Zip | | |
| DL# | SID# | |

S.C. Code §: 16-3-620

CDR Code #: 0 1 0 1 1 4

☐ CASE RESTORED

**SENTENCE**

☐ PLEA   ☒ TRIAL

In disposition of the said indictment comes now the Defendant who was ☒ CONVICTED OF or ☐ PLEADS
TO: Assault + Battery with Intent to Kill - Count one
in violation of § 16-3-620 of the S.C. Code of Laws, bearing CDR Code # 0 1 0 1 1 4

☐ NON-VIOLENT   ☒ VIOLENT   ☐ SERIOUS   ☒ MOST SERIOUS   ☐ 17-25-45

The charge is: ☒ As Indicted, ☐ Lesser Included Offense, ☐ Defendant Waives Presentment to Grand Jury.
The plea is ☐ Without Negotiations or Recommendation, ☐ Negotiated Sentence, ☐ Recommendation by the State.

ATTEST:

_____      _____      Steve McKenzie
Solicitor                                  Defendant                          Attorney for Defendant

WHEREFORE, the Defendant is committed to the ☒ State Department of Corrections, ☐ County Detention Center,
for a determinate term of 7 days/months/years or ☐ under the Youthful Offender Act not to exceed _____ years
and/or to pay a fine of $_____; provided that upon the service of _____ days/months/years and/or payment
of $_____; plus costs and assessments as applicable*; the balance is suspended with probation for _____
months/years and subject to South Carolina Department of Probation, Parole and Pardon Services standard conditions
of probation, which are incorporated by reference.
☒ CONCURRENT  or  ☐ CONSECUTIVE to sentence on: Count 2
☒ The Defendant is to be given credit for time served pursuant to S.C. Code §24-13-40 to be calculated and applied
by the State Department of Corrections.

☐ RESTITUTION: ☐ Heard, ☐ Waived, ☐ Ordered
Total: $_____ plus 20% fee: $_____
Payment Terms:
☐ set by SCDPPPS _____

Recipient: _____
*Fine: _____ $_____

| | |
|---|---|
| §14-1-206 (Assessments 107.5%) | $ |
| §14-1-211(A)(1) (Surcharge) | $ 100.00 |
| §14-1-211(A)(2) (Surcharge) | $ |
| §56-5-2995 (DUI Assessment) | $ |
| §73.3, 1B TP (Law Enforce. Funding) | $ 25.00 |
| §33.7, 1B TP (Drug Court Surcharge) | $ |
| §50-21-114(BUI Breath Test Fee) | $ |
| §56-5-2942(J) (Vehicle Assessment) | $ |
| 3% to County (if paid in installments) | $ 3.75 |
| TOTAL | $ 128.75 |

**SPECIAL CONDITIONS:**

PTUP _____ ☐ RESTITUTION: ☐ Heard ☐ Waived ☐ Ordered
_____ days/hours Public Service Employment
☐ Obtain GED _____
☐ Attend Voc. Rehab. or Job Corp. _____
☐ May serve W/E beginning _____
☐ Substance Abuse Counseling _____
☐ Random Drug/Alcohol
Testing _____
Fine may be pd. in equal, consecutive weekly/monthly
pmts. of $_____ beginning
$_____ paid to Public Defender Fund
Other: _____

☐ Appointed PD or appointed other counsel, §35.13 TP
Requires $500 be paid to Clerk during probation.

O V Player
Clerk of Court/ Deputy Clerk
Court
Reporter: Margaret Sullivan

PRESIDING JUDGE _____
Judge Code: 0 1 2 0 0 0 2 1 7
Sentence Date: 09-25-03

White – Clerk   Green – Corrections   Canary – Probation   Pink – Defendant   SCCA/217 (6/2003)

Sentence opened 02-26-04 by Judge King & read to defendant. (Ct. Rep. Melissa Winfield)

COUNTY OF Sumter

*Sharon H. Dukes*
DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA

STATE
VS.
Arthur L. Singleton

INDICTMENT/CASE#:
___-GS- 43 ___-134___
200000134 A

AKA: _____
Race: B  Sex: M  Age: ___
DOB: _____  SS#: _____
Address: _____
City, State, Zip _____
DL# _____ SID# _____

A/W#: _____
Date of Offense: 10-2-99
S.C. Code §: 16-23-490
CDR Code #: _____

☐ CASE RESTORED
☐ SENTENCE                    0549
☐ PLEA    ☒ TRIAL

In disposition of the said indictment comes now the Defendant who was ☒ CONVICTED OF or ☐ PLEADS
TO: Possession of Firearm during Crime of Violence                    0549
in violation of § 16-23-490 of the S.C. Code of Laws, bearing CDR Code # 0549

☒ NON-VIOLENT    ☐ VIOLENT    ☐ SERIOUS    ☐ MOST SERIOUS    ☐ 17-25-45

The charge is: ☒ As Indicted, ☐ Lesser Included Offense, ☐ Defendant Waives Presentment to Grand Jury.
The plea is: ☐ Without Negotiations or Recommendation, ☐ Negotiated Sentence, ☐ Recommendation by the State
ATTEST:

W. Jason Corbett                                             Steve McKenzie
_____Solicitor_____    _____Defendant_____    _____Attorney for Defendant_____

WHEREFORE, the Defendant is committed to the ☒ **State Department of Corrections**, ☐ **County Detention Center**
for a determinate term of _5_ ~~days/months~~/years or ☐ under the **Youthful Offender Act** not to exceed _____ years
and/or to pay a fine of $_____; provided that upon the service of _____ days/months/years and/or payment
of $_____; plus costs and assessments as applicable*; the balance is suspended with **probation** for _____
months/years and subject to South Carolina Department of Probation, Parole and Pardon Services standard conditions
of probation, which are incorporated by reference.
☒ CONCURRENT  or  ☐ CONSECUTIVE to sentence on: _Count 2_
☒ The Defendant is to be given credit for time served pursuant to S.C. Code §24-13-40 to be calculated and applied
by the State Department of Corrections.

☐ RESTITUTION: ☐ Heard, ☐ Waived, ☐ Ordered
Total: $ _____ plus 20% fee: $ _____
Payment Terms:
☐ set by SCDPPPS _____
Recipient: _____
*Fine:                                    $ _____

| | |
|---|---|
| §14-1-206 (Assessments 107.5%) | $ |
| §14-1-211(A)(1) (Surcharge) | $ 100.00 |
| §14-1-211(A)(2) (Surcharge) | $ |
| §56-5-2995 (DUI Assessment) | $ |
| §73.3, 1B TP (Law Enforc. Funding) | $ 25.00 |
| §33.7, 1B TP (Drug Court Surcharge) | $ |
| §50-21-114(BUI Breath Test Fee) | $ |
| §56-5-2942(J) (Vehicle Assessment) | $ |
| 3% to County (if paid in installments) | $ 3.75 |
| TOTAL | $ 128.75 |

**SPECIAL CONDITIONS:**
PTUP _____
_____ days/hours Public Service Employment
☐ Obtain GED
☐ Attend Voc. Rehab. or Job Corp.
☐ May serve W/E beginning _____
☐ Substance Abuse Counseling
☐ Random Drug/Alcohol
  Testing
☐ Fine may be pd. in equal, consecutive weekly/monthly
  pmts. of $ _____ beginning _____
☐ $ _____ paid to Public Defender Fund
☐ Other: _____

☐ Appointed PD or appointed other counsel, §35.13 TR
  Requires $500 be paid to Clerk during probation.

O.V. Player
_____Clerk of Court/ Deputy Clerk_____

Court
Reporter: Margaret Sullivan

PRESIDING JUDGE _____
Judge Code: _01_____ 217
Sentence Date: 09-25-03

Sealed Sentence opened & read to Clef by Judge H.P King on 02-26-04
— Cf Rep. Melissa Winfield

CERTIFIED TRUE COPY
OF ORIGINAL FILED

STATE OF SOUTH CAROLINA *Sharon H. Dusac*     INDICTMENT FOR
DEPUTY CLERK OF COURT
COUNTY OF _____SUMTER_____     SUMTER COUNTY ASSAULT AND BATTERY WITH INTENT
                              )     SOUTH CAROLINA TO KILL (TWO COUNTS) AND POSSESSION OF
                                    FIREARM DURING COMMISSION OF CRIME OF VIOLENCE

At a Court of General Sessions, convened on _____January 10, 2000_____

the Grand Jurors of _____Sumter_____ County present upon their oath:

## COUNT ONE - ASSAULT AND BATTERY WITH INTENT TO KILL

That ARTHUR SINGLETON did in Sumter County on or about October 2, 1999, violate Section 16-3-620 of the Code of Laws of South Carolina (1976), as amended, in that he with malice aforethought, committed an assault and battery upon one ▓▓▓▓▓▓▓▓ by shooting him with a firearm, with intent to kill the said ▓▓▓▓▓▓▓▓

## COUNT TWO - ASSAULT AND BATTERY WITH INTENT TO KILL

That ARTHUR SINGLETON did in Sumter County on or about October 2, 1999, violate Section 16-3-620 of the Code of Laws of South Carolina (1976), as amended, in that he with malice aforethought, committed an assault and battery upon one ▓▓▓▓▓▓▓▓ by shooting him with a firearm, with intent to kill the said ▓▓▓▓▓▓▓▓

## COUNT THREE - POSSESSION OF FIREARM DURING COMMISSION OF CRIME OF VIOLENCE

That ARTHUR SINGLETON in Sumter County on or about October 2, 1999, was in possession of and did visibly display a firearm during the commission of a violent crime, to-wit: assault and battery with intent to kill, in violation of Section 16-23-490, Code of Laws of South Carolina (1976), as amended.

Against the peace and dignity of the State, and contrary to the statute in such case made and provided.

*C. Kelly Jackson*
SOLICITOR

TOOKER

Roger Baker

SUMTER PD

WITNESSES

STATE WARRANT NO. D769309 (163)

CERTIFIED TRUE COPY
OF ORIGINAL FILED

DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA

ACTION OF GRAND JURY

Foreman of Grand Jury

True Bill

VERDICT:
Count ~ One ~ Guilty
Count ~ Two ~ Guilty
Count ~ Three ~ Guilty

Foreman of Petit Jury

Date: 9-25-03

# The State of South Carolina,

County of ___SUMTER___

COURT OF GENERAL SESSIONS

___JANUARY___ TERM ___2000___

THE STATE

vs.

ARTHUR SINGLETON

## Indictment for

ASSAULT AND BATTERY WITH INTENT
TO KILL (TWO COUNTS) AND POSSESSION
OF FIREARM DURING COMMISSION
OF CRIME OF VIOLENCE

STATE OF SOUTH CAROLINA

County of _Sumter_

STATE

VS.

_Arthur LaKiru Singleton_

AKA: _n/a_

Race: _Blk_   Sex: _Male_

DOB: ~~[redacted]~~

SSN: ~~[redacted]~~

SID#: _1335605_

IN THE COURT OF GENERAL SESSIONS

CERTIFIED TRUE COPY
OF ORIGINAL FILED
DEPUTY CLERK OF COURT
SUMTER COUNTY
SOUTH CAROLINA

INDICTMENT#:

_01_-GS-_43_-_497_
CW# _AN-43-03-0339_

Name of Original Offense: _Possession of Crack Coc_

Conviction S.C. Code §: _44-53-375_

Conviction CDR Code #: _0110 10_

Date of Original Offense: _7-14-00_

Original Sentence: _3 yrs SS 2 yrs prob._

## ORDER

71

The above named defendant has been charged with violating the conditions of probation ordered on _10-4-03_ in the Court of General Sessions of _Sumter_ County as set forth in the attached (warrant or citation) dated _11/12/03_. After hearing the evidence and being duly advised, in the (presence/absence) of the defendant, I find that the defendant has violated the following condition(s) of probation: (List by number or indicate special condition as provided in the affidavit) _1, 7, 9, 10_

### Therefore, IT IS ORDERED that:

[X] the suspended sentence be revoked and the above named defendant be required to serve _3_ months/years, the remainder of the original sentence, and/or pay $ _____

[ ] the suspended sentence be revoked and the above named defendant be required to serve _____ months/years of the original sentence and/or pay $_____; thereupon to be reinstated on probation, subject to the conditions set forth in the attached order and not inconsistent with this order.

[ ] the above named defendant is continued on probation as provided for in the original sentence, subject to the conditions set forth therein and not inconsistent with this order.

[ ] probation is reduced to time served under supervision and the defendant is discharged from supervision on this date.

[X] Additional Conditions ordered by the Court:

_Terminate probation this date. To run concurrent with 2nd 00-GS-43-134._

[X] The defendant is given credit for pre-revocation hearing detention time on current probation violation to be calculated and applied by the SC Department of Corrections.

[X] The defendant has previously served _0_ months/years on this sentence.
(split sentence time and/or prior partial revocation time)

This _26_ day of _Feb_, _2004_

_Sumter_, SC.

_Howard P King_
Presiding Judge

_3rd_   _King_
Judicial Circuit

You are hereby advised that under the law the Court may at any time revoke or modify any condition of this probation; impose any lawful conditions it deem proper; or extend your period of probation not to exceed five (5) years. At any time within the period of your probation, the Court may require you to serve an part of the original sentence imposed.

This is to certify that I have read, or have had read to me, the order and the conditions set out therein. I agree to comply with such conditions and the condition of my attached probation order during the period of my probation. I have received a copy of this Court's order and all attachments.

Offender's Signature _____

Witnessed by _Susan Rucker_

Signed this _26_ day of _Feb_, _2004_, at _Sumter_ City, SC

**STATE OF SOUTH CAROLINA**

COUNTY OF    Sumter

**Probation**

**ARREST WARRANT**

Indictment Number        01-GS-43-497

Warrant Number            W-43-03- 0339

State Identification No. (SID)   1335665

TO ANY LAW ENFORCEMENT OFFICER OF THIS STATE OR COUNTY OR OF THE MUNICIPALITY OF Sumter, AND ANY CONSTABLE OF THIS MAGISTERIAL DISTRICT:

It appearing from the attached affidavit that there are reasonable grounds to believe that **Arthur Lakiro Singleton**, did on the 12th day of November , 2003  violate the criminal laws of the State of South Carolina as set forth below:

DESCRIPTION OF OFFENSE:

Violation of probation pursuant to 24-21-430.

Now, therefore, you are empowered and directed to arrest the said defendant and bring Arthur Lakiro Singleton before me forthwith to be dealt with according to law.  A copy of this Arrest Warrant shall be delivered to the defendant at the time of its execution, or as soon thereafter as is practicable.  Done at Sumter, S. C. this  12th  day of November , 2003 .

_Eugenia L Creech_ (L.S.)
Signature of Probation and Parole Agent

County of   Sumter

**STATE OF SOUTH CAROLINA**

**AFFIDAVIT**

Personally appeared before me, one Eugenia L. Creech, who, first being duly sworn, deposes and says that Arthur Lakiro Singleton did within this County and State on the 12th day of  November , 2003 , violate the criminal laws of the State of South Carolina in the following particulars:

DESCRIPTION OF OFFENSE:

Violated condition numbers 1, 7, 9 and 10 as ordered in Cause Number 01-GS-43-497 in the Sumter County Court of General Sessions on 6/4/03.

The affiant states that there is probable cause to believe that the defendant named above did commit the crime(s) set forth, and that such probable cause is based on the following facts:

#1 - Failed to report having missed report on 9/17/03 and for 10/03.  Offender last reported on 8/13/03.

#7 - Failed to pay supervision fees being 3 payments, $105.00, in arrears with a balance of $905.00.  Last paid on 8/13/03.

#9 - Failed to pay surcharge being 3 payments, $75.00, in arrears with a balance of $100.00.  No payment ever made.

#10 - Failed to follow advice and instruction of the Agent inasmuch as offender failed to attend CADA.  Offender was referred on 6/11/03 and missed appointment for 8/26/03.

Sworn to and Subscribed before me this 12 day of November 2003

_Eugenia L Creech_
Affiant

_Linda D Howard_ (L.S.)
Signature of Notary Public

2 - 6 - 2013
My Commission Expires

**Address:**    115 N. Harvin Street
Sumter, SC 29150

803-778-5185

2004 MAR -4  AM 9: 52

INMATE RECORDS OFFICE

(Form Continues on Back)

Form 15.1 (Template) (Revision A Revision Date 11/09/98)      Page 1 of 2

73

## STATE OF SOUTH CAROLINA
### COUNTY OF
Sumter

### THE STATE
against

Arthur Lakiro Singleton

## ARREST WARRANT

Offense: Violation of Probation

Offense Section: 24-21-430

Date:   November 12, 2003

Officer and Agency: SC Department of Probation, Parole and Pardon Services.

*Eugenia L. Creech*

Eugenia L. Creech

### RETURN

Constable or Law Enforcement Officer

copy of this Arrest Warrant was delivered by me to the within named defendant:

*Arthur Singleton*

Constable or Law Enforcement Officer

the 13 day of *January 2004*

_____
Signature of Judge

(L.S.)

Warrant is certified for service in [County of warrant utilization] County. The accused is to be arrested and brought here to be dealt with according to law.

Disposition _____

Sentence _____

Co-Defendants _____

Page 2 of 2

## INFORMATION ON DEFENDANT
Arthur Lakiro Singleton

Name    Arthur Lakiro Singleton
Address
Phone
Sex   Male   Race   Black
Weight        Height
Social Security Number   Birth date

## INFORMATION ON WITNESSES

Name
Address
Phone

Name
Address
Phone

Name
Address
Phone

## PRELIMINARY HEARING held by

Magistrate
on ____ with ____

Name
Address
Phone

Attorney for the Defendant.

## BAIL

Decision
Date Set
Magistrate
Amount
Surety

1  STATE OF SOUTH CAROLINA

2                                    COUNTY OF SUMTER

3
   THE STATE OF SOUTH CAROLINA,
4  THE PLAINTIFFS

5  V.

6  ARTHUR SINGLETON,
   DEFENDANT

7

8                                    TRIAL IN ABSENCE
                                     00-GS-43-134
9

10

11  -----------------------------------------------------------------

12                                   SEPTEMBER 23, 2003
                                     SUMTER, S.C.
13  -----------------------------------------------------------------

14

15          BEFORE THE HONORABLE CLIFTON NEWMAN, JUDGE.

16
    A P P E A R A N C E S:
17
    MR. WILLIAM JASON CORBETT,
18  ASSISTANT SOLICITOR FOR THE STATE

19  MR. STEVEN SMITH MCKENZIE,
    ATTORNEY FOR DEFENDANT

20                                   MARGARET T. SULLIVAN,
                                     COURT REPORTER
21

22

23

24

25

| WITNESSES | DIRECT | CROSS | REDIRECT | RECROSS |
|-----------|--------|-------|----------|---------|

JURY QUALIFIED  3

JURY IMPANELED  6

MOTION BY MR. MCKENZIE   8

PRELIMINARY REMARKS  14

OPENING  STATEMENTS

    BY MR. CORBETT  15

    BY MR. MCKENZIE  17

DEBORAH MATHIS

    BY MR. CORBETT  22


LIONEL BRADLEY

    BY MR. CORBETT  26             41

    BY MR. MCKENZIE       32


RONNETTE DAVIS

    BY MR. CORBETT  42           54

    BY MR. MCKENZIE     46

| NO. | EXHIBITS | ID. |
|-----|----------|-----|
| C-1-3 | BOND PAPERS | 21 |

CLOSING STATEMENTS

    BY MR. CORBETT  56

    BY MR. MCKENZIE  60

CHARGE TO THE JURY  66

VERDICT OF THE JURY  78

1          THE COURT:  MR. CORBETT.

2          MR. CORBETT:  YOUR HONOR, MAY IT PLEASE THE COURT.

3          THE COURT:  YES, SIR.

4          MR. CORBETT:  AT THIS TIME WE WOULD CALL THE CASE OF

5     THE STATE OF SOUTH CAROLINA VERSUS ARTHUR L. SINGLETON.

6     INDICTMENT 2000-GS-43-134.  MR. SINGLETON HAVING BEEN

7     INDICTED BY THE GRAND JURY OF SUMTER COUNTY FOR TWO COUNTS

8     OF ASSAULT AND BATTERY WITH INTENT TO KILL.  AND ONE COUNT

9     OF POSSESSION OF A FIREARM DURING THE COMMISSION OF A CRIME

10    OF VIOLENCE.  THE DEFENDANT IS REPRESENTED BY STEVE

11    MCKENZIE.  YOUR HONOR, IF I MAY HAND UP THE INDICTMENT AND

12    THE STATE'S POTENTIAL WITNESS LIST.

13         THE COURT:  LADIES AND GENTLEMEN OF THE JURY, THE STATE

14    HAS CALLED FOR TRIAL THE CASE OF THE STATE VERSUS ARTHUR

15    SINGLETON.  THIS IS AN INDICTMENT FOR ASSAULT AND BATTERY

16    WITH INTENT TO KILL AND POSSESSION OF A WEAPON DURING THE

17    COMMISSION OF A CRIME OF VIOLENCE.  MR. SINGLETON IS

18    REPRESENTED BY LAWYER STEVE MCKENZIE.

19         MR. MCKENZIE, IF YOU WILL STAND AND INTRODUCE YOURSELF

20    TO THE JURY PANEL.

21         MR. MCKENZIE:  MY NAME IS STEVE MCKENZIE.  I PRACTICE

22    LAW IN MANNING.  I PRACTICE WITH WILLIAM JOHNSON AND SCOTT

23    ROBINSON.

24         THE COURT:  THE STATE IS REPRESENTED BY JASON CORBETT.

25    MR. CORBETT, IF YOU WILL IDENTIFY YOURSELF AS WELL AS ANY

1    STATE'S WITNESSES THAT MAY BE PRESENT.

2        MR. CORBETT:  YES, YOUR HONOR, I GAVE YOU MY LIST.

3    GOOD MORNING, MY NAME IS JASON CORBETT.    I'M AN ASSISTANT

4    SOLICITOR HERE IN SUMTER.    THE STATE'S POTENTIAL WITNESSES

5    IN THIS CASE ARE LIONEL BRADLEY, SHERMAN SANDERS, TIFFANY

6    WHITE, TRINA SINGLETARY, COLBY MILLING, RONNETTE DAVIS,

7    SERGEANT MARK ROSENSTEAL, DETECTIVE ROGER BAKER AND

8    DEFECTIVE DONNIE FLORENCE.

9        THE COURT:  IF ANY OF THOSE WITNESSES ARE PRESENT,

10   PLEASE STAND AND FACE THE JURY PANEL.  MR. SANDERS, SHERMAN

11   SANDERS.  WHAT IS YOUR NAME, SIR?

12       MR. BRADLEY:  LIONEL BRADLEY.

13       THE COURT:  LIONEL BRADLEY.  THANK YOU, SIR.

14   THIS MATTER INVOLVES AN ALLEGED INCIDENT OR INCIDENCES

15   OCCURRING ON OR ABOUT OCTOBER 2, 1999.    WHAT LOCATION, MR.

16   SOLICITOR?

17       MR. CORBETT:  YOUR HONOR, THE INCIDENT LOCATION OF

18   ██████████ STREET AND ████████.

19       THE COURT:  AND ████████.

20       MR. CORBETT:  ALSO, YOUR HONOR, I THINK I FAILED TO

21   SOUND THE NAME OF SHERMAN SANDERS AS ONE OF THE POTENTIAL

22   WITNESSES AS WELL.

23       THE COURT:  DOES ANY JUROR KNOW ANYTHING ABOUT THIS

24   CASE, OR HAVE YOU HEARD ANYTHING ABOUT THIS CASE?  OR IF YOU

25   ARE FRIENDS OR RELATIVES OR CLOSE ACQUAINTANCES, BUSINESS OR

1    SOCIAL WITH ANY OF THE POSSIBLE WITNESSES WHOSE NAMES HAVE

2    BEEN CALLED, PLEASE STAND.  YES, SIR, MR. FOISEY.

3        THE JUROR:  YES, SIR.  I WORK WITH SEVERAL OF THE

4    WITNESSES.

5        THE COURT:  MR.  FOISEY,  WE WILL NOT CONSIDER YOU FOR

6    SELECTION AS A JUROR IN THIS CASE.  THANK YOU VERY MUCH FOR

7    BRINGING THAT TO OUR ATTENTION.  YES, MA'AM.

8        THE JUROR:  YES, I KNOW LIONEL BRADLEY FROM AROUND THE

9    AREA.

10       THE COURT:  YOUR NAME AGAIN?

11       THE JUROR:  RENEE DRAYTON.

12       THE COURT:  MS. DRAYTON.  JUROR NO. 29.  AND, MA'AM,

13   WOULD THAT FACT AFFECT YOUR ABILITY TO BE A FAIR AND

14   IMPARTIAL JUROR IF YOU ARE SELECTED IN THIS CASE?

15       JUROR:  OH, ARE YOU TALKING TO ME?

16       THE COURT:  YES,---

17       THE JUROR:  I'M SORRY.

18       THE COURT:  ---I'M TALKING TO YOU.  THE FACT THAT YOU

19   KNOW MR. BRADLEY, WOULD THAT FACT AFFECT YOUR ABILITY TO BE

20   FAIR AND IMPARTIAL IF YOU WERE PICKED AS A JUROR IN THIS

21   CASE?

22       THE JUROR:  YES.

23       THE COURT:  WE WILL NOT CONSIDER YOU FOR SELECTION AS A

24   JUROR IN THIS CASE.  THANK YOU FOR BRINGING THAT TO OUR

25   ATTENTION.  IF YOU HAVE FORMED AN OPINION AT THIS POINT AND

```
 1    TIME CONCERNING THE GUILT OR THE INNOCENCE OF THE DEFENDANT,

 2    PLEASE STAND.

 3          (THEREUPON, NO RESPONSE.)

 4          THE COURT:  IF YOU ARE CURRENTLY BEING REPRESENTED BY

 5    THE SOLICITOR'S OFFICE, MR. MCKENZIE, OR IF YOU HAVE BEEN

 6    REPRESENTED BY EITHER OF THEM WITHIN THE PAST 5 YEARS,

 7    PLEASE STAND.

 8          (THEREUPON, NO RESPONSE.)

 9          THE COURT:  IF YOU KNOW OF ANY REASON WHY YOU SHOULD

10    NOT BE CONSIDERED FOR SELECTION AS A JUROR IN THIS CASE,

11    PLEASE STAND.

12          (THEREUPON, NO RESPONSE.)

13          THE COURT:  ANY ADDITIONAL VOIR DIRE QUESTIONS BY THE

14    STATE OR DEFENSE?

15          MR. CORBETT:  NOTHING FROM THE STATE, YOUR HONOR.

16          MR. MCKENZIE:  NOTHING FROM THE DEFENSE, YOUR HONOR.

17          THE COURT:  IF YOU WOULD GIVE THE CLERK YOUR ATTENTION,

18    WE WILL PROCEED WITH JURY SELECTION.  THE STRIKES ARE 5 AND

19    5.

20          (THEREUPON, THE JURY IS IMPANELED.)

21          THE CLERK:  JUROR NO. 96 BARBARA RICHEY (F-W) ACCEPTED.

22    JURY NO. 103 JAY SCHWARTZ (M-W) ACCEPTED.  JUROR NO. 47

23    AMANDA HENRY (F-W) STATE STRUCK.  JUROR NO. 48 GIGI HERSEY

24    (F-W) ACCEPTED.  JUROR NO. 14 CARA COLLINS (F-B) ACCEPTED.

25    JUROR NO. 95 MAGGIE RICKS (F-B) ACCEPTED.  JUROR NO. 117
```

1    PATRICIA TURNER (F-W) ACCEPTED.  124 ELIZA WILSON (F-B)

2    ACCEPTED.  JUROR NO. 76 WALTER LENOIR (M-W) ACCEPTED.  JUROR

3    NO. 80 GERALDINE MILLER (F-B) ACCEPTED.  JUROR NO. 66 QUINCY

4    JOSEPH (M-B).

5         THE COURT:  COUNSEL, APPROACH ALONG WITH MR. JOSEY.

6         (THEREUPON, THE ATTORNEYS AND JUROR APPROACH THE BENCH

7    AND CONFER WITH JUDGE.)

8         THE COURT:  THIS JUROR WILL BE EXCUSED FOR CAUSE.

9    JUROR NO. 13 THELMA COLEMAN (F-W) DEFENSE STRUCK.  JUROR NO.

10   53 BENJAMIN HOLMES (M-W) DEFENSE STRUCK.  JUROR NO. 2 ROBERT

11   ANKIN (M-W) ACCEPTED.  JURY NO. 31 IDA ELLISON (F-B)

12   ACCEPTED.  JUROR NO. 112 MARK SWEATMAN (M-W) ACCEPTED.

13        THE COURT:  LET'S PICK ONE ALTERNATE.  STRIKES ARE 1

14   AND 2.

15        THE CLERK:  ALTERNATE JUROR NO. 74 JAMES MAYNARD (M-W)

16   STATE STRUCK.  JUROR NO. 60 DONNA JOHNSON CUFF (F-B)

17   ACCEPTED.

18        THE COURT:  ANY MATTERS OF LAW REGARDING JURY

19   SELECTION?

20        MR. CORBETT:  NOTHING FROM THE STATE, YOUR HONOR.

21        MR. MCKENZIE:  NOTHING FROM THE DEFENSE, YOUR HONOR.

22        THE COURT:  THANK YOU.  LADIES AND GENTLEMEN, YOU HAVE

23   BEEN SELECTED TO BE THE JURY IN THE TRIAL OF THIS CASE.  IF

24   YOU WILL STAND BY WHILE I TALK WITH OTHER JURORS OUT IN THE

25   AUDIENCE.  LADIES AND GENTLEMEN, IF YOU WILL GO THE JURY