# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

```
ARTHUR SINGLETON,              )
  #300109,                     )
                               )   CIVIL ACTION NO. 9:08-2539-RBH-BM
              Petitioner,      )
                               )
v.                             )
                               )
WILLIE EAGLETON, WARDEN,       )
                               )   REPORT AND RECOMMENDATION
                               )
              Respondent.      )
_____ )
```

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on July 11, 2008.[1]

The Respondent filed a return and motion for summary judgment on October 15, 2008. As the Petitioner is proceeding pro se, a Roseboro order was filed on October 17, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time, Petitioner filed a response in opposition to summary judgment on January 21, 2009. This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was indicted in January 2000 in Sumter County for two counts of assault and battery with intent to kill (ABIK) and one count of possession of a firearm during the commission of a crime of violence [Indictment No. 00-GS-43-134]. (R.pp. 69-70). Petitioner was represented by Steven Smith McKenzie, Esquire, and on or about September 23, 2003 was found guilty after a jury trial in his absence. (R.pp. 74-154). The trial judge then issued a sealed sentence. (R.pp. 151-154). On February 26, 2004, the sentence was unsealed and Petitioner was sentenced to twelve (12) years for one count of ABIK; seven (7) years, concurrent, for the other count of ABIK; and five (5) years, concurrent, for possession of a firearm.[3] (R.pp. 25-33, 64-68, 71). Petitioner did not appeal his sentence and/or conviction.

On April 16, 2004, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. <u>Singleton v. State of South Carolina</u>, No. 04-CP-43-501. (R.pp. 1-13). Petitioner raised the following issues in his application:

> 1. Trial counsel was ineffective for failing to litigate that Petitioner's constitutional right to a fast, speedy, and prompt disposition of his case was denied unto him where the State failed to take the fundamental action required by statute § 17-23-120 and § 17-23-60, nor was he served with a copy of his indictment in violation of § 17-83-90.
>
> 2. The indictment against the Petitioner has not been properly processed pursuant to statute § 14-17-260(b)(c)(d) and the Rules of Procedures of the State grand jury apply to the county grand jury as well pursuant to statute § 14-7-1640, and the state failed to take the necessary steps that are required by statutes of law which resulted in a fundamental defect and issuance of the Application for Post-Conviction Relief is apparent where the indictment is not attested to in the Clerk's name under [the] seal of the court and failed to sign officially the grand jury document and state the time when it was signed and entered.
>
> 3. Trial counsel was ineffective for denying Petitioner his constitutional rights [by

---

[3]The judge also revoked an unrelated probationary sentence at that time.



failing to appeal although instructed by Petitioner to perfect an appeal].

(R.pp. 8-13).

Petitioner was represented in his APCR by Charles Brooks, Esquire, and an evidentiary hearing was held on Petitioner's application on October 6, 2005. (R.pp. 35-55). On March 17, 2006, the PCR judge entered an order denying Petitioner's petition and dismissing the APCR with prejudice. (R.pp. 56-61).

Petitioner timely filed a notice of appeal. Petitioner was represented on appeal by Wanda H. Carter, Deputy Chief for the South Carolina Commission on Indigent Defense, who filed a Johnson[4] brief seeking to be relieved and raising the following issue:

> The PCR court erred in denying Petitioner's allegation that he did not voluntarily and intelligently waive his right to a direct appeal in the case.

See Respondent's Exhibit Two, p. 2.

Petitioner did not file a pro se brief in support of his appeal.

On September 6, 2007, the South Carolina Supreme Court granted counsel's request to be relieved and denied the petition. See Respondent's Exhibit Three. The Remittitur was issued on September 24, 2007. See Respondent's Exhibit Four.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

**Ground One:** Ineffective assistance of counsel.

**Supporting facts**: Trial counsel provided ineffective assistance in failing to 1) obtain a continuance; 2) interview potential witnesses; 3) file direct appeal; 4) properly conduct reasonable pre-trial investigations; and 5) object to the out-of-court

---

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).

3



identification procedure.

See Petition, 6.

## **Discussion**

Respondent has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the Federal Court is charged with liberally construing a pleading filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### **I.**

First, with regard to all of the issues raised in Ground One of the Petition except for failure to obtain a continuance and file a direct appeal, Respondent correctly notes that Petitioner did not raise these issues in his APCR. Since Petitioner did not pursue these claims in his APCR or his PCR appeal, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C.



1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these claims, they are fully exhausted in the sense that they may not now be litigated in the state courts. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

Since these issues were not properly pursued to exhaustion by the Petitioner in the state courts, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Giving Petitioner's filings the liberal construction to which they are entitled, it appears that he may



5

be alleging ineffective assistance of trial counsel and/or his PCR counsel as cause for his procedural default. See Petitioner's Memorandum in Opposition to Summary Judgment, pp. 7-8.

To the extent that Petitioner is attempting to establish "cause" by arguing that his PCR counsel was ineffective for failing to properly pursue certain claims in his APCR or PCR appeal, this argument does not provide Petitioner relief. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996). Here, Petitioner has failed to show the necessary "cause" for a procedural default because ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] ["[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those



proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998). Therefore, the failure of PCR counsel to raise these issues is not "cause" for Petitioner's procedural default of these claims.

As for trial counsel, it is difficult to discern how Petitioner's trial counsel's actions could have prevented him from pursuing these issues in his APCR. In any event, to the extent Petitioner has intended to assert ineffective assistance of trial counsel as "cause" for his failure to raise these other claims, he has not properly raised and exhausted that claim in the state courts (the only claims pursued being counsel's failure to file a direct appeal and, possibly, failure to obtain a continuance, see discussion, infra). A claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000)(quoting Murray v. Carrier, 477 U.S. at 489); cf Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002)["[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"](quoting Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994)); Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004)[Habeas petitioner must have independently presented his ineffective assistance of counsel claim to the state court for adjudication]. Petitioner has not shown any cause for his failure to present any of these additional claims of ineffective assistance of counsel in his APCR or his PCR appeal.

7



Therefore, this argument cannot be used as cause for his procedural default of any such unexhausted claims. Tome v. Stickman, 167 Fed.Appx. 320, 325 (3rd Cir. 2006)["[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."](citing Edwards, 529 U.S. at 451-452).

Accordingly, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these issues are not considered. See Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.

Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed.

8



**II.**

With respect to Petitioner's claim that his counsel was ineffective for failing to file a direct appeal, this issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).

The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Singleton v. South Carolina, No. 04-CP-43-501. Specifically, the PCR judge found that: 1) counsel testified that he discussed with Petitioner an appeal and the lack of a basis for an appeal; 2) counsel also testified that Petitioner never asked him to appeal his case; 2) counsel further testified that if he had been asked to file an appeal he would have filed the notice; 3) trial counsel's testimony was credible; 4) Petitioner's testimony was not credible; and 5) Petitioner failed to show ineffective assistance of counsel. (R.pp. 57-61).[5]

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue

---

[5]The PCR judge also wrote that Petitioner admitted that the sentencing judge advised him of his right to appeal. (R.p. 60). However, while the sentencing transcript does reflect that Petitioner was advised of his right to appeal the sentence from his probation violation; (R.pp. 30-31); the transcript does not appear to contain a separate right to appeal notice for his new criminal conviction.

9



>     made by a State court shall be presumed correct. The applicant shall have the burden
>     of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland,

10



the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269.

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. At his PCR hearing, Petitioner testified that immediately following his sentencing, while he was still at the courthouse, he asked his counsel to file an appeal. (R.pp. 41, 44). Petitioner was not sentenced until February 26, 2009. However, as was pointed out in Petitioner's cross-examination, Petitioner stated in his APCR application that he asked counsel to appeal on September 25, 2003. (R.p. 11).[6] In any event, Petitioner's Counsel testified that Petitioner never requested that he file an appeal, and that if Petitioner had done so, he would have filed a notice of appeal. (R.pp. 49-50). Counsel also testified that he advised Petitioner that he did not think there was a basis for an appeal. (R.p. 50). The PCR Court had the opportunity to observe and evaluate the witnesses during this testimony, and

---

[6]Petitioner testified that the September 2003 date in his application was a "mistake". (R.p. 45).



found counsel's testimony to be credible. The PCR Court's finding that there was no ineffective assistance of counsel was upheld by the state Supreme Court on appeal, and Petitioner has presented no cogent argument for why this finding should be overturned by this Court. Evans, 220 F.3d at 312.

Therefore, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim should be dismissed.

**III.**

The issue of ineffective assistance of counsel for failure to obtain a continuance is in a different posture from the other issues raised in the Petition. While Petitioner raised this issue in his APCR and it was addressed by the PCR Judge in his order of dismissal; (R.pp. 58-59); this issue was not presented to the state Supreme Court by PCR appellate counsel on appeal in the Johnson brief, nor did Petitioner raise this issue in any pro se brief filed in support of his PCR appeal.

Pursuant to Johnson, counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the Petitioner; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Johnson v. State,

12



supra; Anders v. California, supra. Respondent argues that, since PCR counsel filed a Johnson brief which did not include this issue and Petitioner did not himself file a pro se brief raising this claim, this claim is procedurally barred for failure to exhaust. The undersigned agrees that, if the merits of this issue were not reached by the South Carolina Supreme Court, the issue is procedurally barred from this Court's review. Coleman, 501 U.S. at 750; see discussion, supra. However, neither party cites to any controlling precedent in this circuit addressing whether an issue preserved at the PCR level, but not raised in a Johnson petition, is deemed to have been considered and dismissed on the merits by the state appellate court.

Some other courts have held that an issue not presented in an Anders brief or in a pro se brief has not been review on the merits.[7]  See Jorge v. United States, 818 F.Supp. 55, 57 (S.D.N.Y. 1993)["Having been thus placed in the possession of all of the facts relating to these claims, it is not sufficient for [Petitioner] to justify a failure to raise these claims on direct appeal merely because his appellate counsel filed an Anders brief because that counsel did nothing to prevent [Petitioner] from filing his pro se brief."]; Basnight v. Keane, No. 99-4826, 2000 WL 1100331 at * 4 (E.D.N.Y. Aug. 1, 2000); but cf. Greene v. Bartlett, 213 Fed.Appx. 597 599 n. 2 (9th Cir. 2006)["Our holding here is limited to circumstance where, as here, the state court is not required to fully examine the record for error.... We do not reach the question whether federal claims are exhausted by appending prior pleadings to the appeal when the state court is required to engage in an independent review of the entire record, as when counsel seeks to withdraw and submits an *Anders* brief. (Citations omitted)"]. Further, The United States Supreme Court has held that the Anders review procedure is prophylactic,

---

[7]The procedures set forth in Anders are followed in petitions filed under Johnson. See Johnson v. State, supra. Therefore, for purposes of this Report and Recommendation, the standard discussed is the same.

13



and can be varied by the states as long as the procedures applied adequately safeguard a defendant's rights. Smith v. Robbins, 528 U.S. 259, 272-273 (2000). In State v. McKennedy, 559 S.E.2d 850 (S.C. 2002), the South Carolina Supreme Court held that claims presented in an Anders brief were presented on the merits for purposes of federal habeas review. McKennedy, 559 S.E.2d at 854-855. Cf. Washington v. Rushton, No. 05-2394, 2006 WL 2050582 at * 2 (D.S.C. July 13, 2006). However, McKennedy did not clearly state whether an issue otherwise preserved for review but *not presented* in either an Anders brief or in a pro se brief filed in response to the filing of an Anders brief is deemed to have been reviewed and therefore exhausted for purposes of federal habeas review.[8] Therefore, since there appears to be no clear controlling precedent on this issue, out of an abundance of caution the undersigned has discussed Petitioner's continuance claim on the merits.

As noted, this issue (along with the failure to appeal claim discussed, supra) was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d at 814. The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as follows: 1) Petitioner testified that he did not show up for his trial because his counsel told him that he could get a continuance; 2) Petitioner also testified that he did not show up for his trial because he was scared; 3) on cross-examination, Petitioner admitted that he was in contact with counsel throughout the trial; 4) counsel testified that he called Petitioner and informed Petitioner that his case was coming up for trial and that Petitioner would not come to court; 5) counsel testified that he never

---

[8]Recently, the South Carolina Supreme Court held that a decision by the South Carolina Court of Appeals dismissing an appeal after conducting a review pursuant to Anders is not a decision on the merits. See State v. Lyles, 673 S.E.2d 811 (S.C. 2009). This decision did not, however, discuss or even reference the Court's earlier opinion in McKennedy.

14



guaranteed the Petitioner that he could get a continuance; 6) counsel also testified that he spoke with Petitioner throughout the trial and begged him to come to court for his trial, but that Petitioner refused to come; 7) counsel testified that he believed Petitioner would have been acquitted if he had come, but it was Petitioner's decision not to come, even though counsel begged him; 8) trial counsel's testimony was credible; 9) Petitioner's testimony was not credible; and 10) Petitioner failed to show ineffective assistance of counsel. (R.pp. 58-59).

As previously discussed, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland, 466 U.S. at 698; Pruett, 996 F.2d. at 1568 (citing Clozza, 913 F.2d. at 1100). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312. Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith, 528 F.2d at 809.

Petitioner's counsel testified that Petitioner asked him to stall for some time and he agreed to try to obtain a continuance. (R.p. 47). However, while Petitioner initially testified at his PCR hearing that he did not show up for his trial because counsel told him that he was going to get a continuance and he was scared, Petitioner admitted that he was in contact with his counsel during the trial and still did not come to the trial. (R.pp. 39-43). Counsel testified that he tells all of his

15



clients that the best that he can do is to ask, but that it is up to the Solicitor's office whether they call a case for trial and that it is up to the Judge whether to grant a continuance. (R.pp. 47-48). Counsel also testified that he was in contact with the Petitioner and begged him to come to the trial because he thought that it would have made a difference in the outcome, but that Petitioner refused to come. (R.pp. 48-49). The PCR Court found counsel's testimony to be credible, and his decision finding no ineffective assistance of counsel was upheld by the state Supreme Court on appeal. Petitioner has again presented no cogent argument for why this finding should be overturned. Evans, 220 F.3d at 312.

Therefore, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 15, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

