UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Arthur Singleton, | ) | Civil Action No.: 9:08-cv-2539-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Willie Eagleton, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's [Docket Entry #19] motion for summary judgment with the Report and Recommendation [Docket Entry #28] of Magistrate Judge Bristow Marchant filed on June 15, 2009.[1]  In his Report, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted and the instant petition dismissed with prejudice. Petitioner timely filed Objections [Docket Entry #32] to the Magistrate's Report and Recommendation on June 25, 2009.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The petition before the court seeks relief on the basis of ineffective assistance of counsel with several sub-specifications. Petitioner alleges that trial counsel failed to provide effective assistance of counsel by failing to: 1) obtain a continuance; 2) interview potential witnesses; 3) file a direct appeal; 4) properly conduct reasonable pre-trial investigations; and 5) object to out-of-court identification procedures. Because Petitioner did not raise his trial counsel's alleged failure to interview potential witnesses, conduct pre-trial investigations, and object to out-of-court identification procedures in his state application for post-conviction relief, the Magistrate Judge found that Petitioner was procedurally barred from raising those claims in his federal habeas petition. The Magistrate Judge addressed the merits of Petitioner's remaining claims: that his trial counsel was ineffective for failing to obtain a continuance and failing to file a direct appeal.

As to the procedurally defaulted claims, this court agrees with the Magistrate Judge that Petitioner's failure to raise the claims in his state PCR application bars his pursuit of the claims in a federal habeas petition. If a petitioner in federal court has failed to raise a claim

in state court at the appropriate juncture, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts and the claim will be considered procedurally defaulted. As a consequence, the petitioner will be barred from raising the issue in his federal habeas petition. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).

The court also agrees with the Magistrate Judge that Petitioner has failed to establish sufficient cause or prejudice to have his procedurally defaulted claims considered by this court. In order to have procedurally defaulted claims considered, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To the extent Petitioner asserts actual innocence in his Objections to the Magistrate's report, the court finds that Petitioner has failed to meet the burden of establishing his actual innocence. Although not an independent constitutional claim, a showing of actual innocence may allow review of procedurally defaulted claims. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir. 1996). Thus, in order for Petitioner to have his procedurally defaulted claims reviewed on the basis of actual innocence, he must show that, if new evidence were introduced, it is more likely than not that no jury would convict. *Royal v. Taylor*, 188 F.3d 239, 243-44 (4th Cir. 1999). The petitioner must demonstrate factual innocence, not merely the legal insufficiency of his conviction or sentence. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). In his Objections, Petitioner attacks the legal sufficiency of his conviction, i.e. attempts to establish reasonable doubt, but does not establish his factual innocence.

With regard to his claims concerning trial counsel's alleged failure to file a direct appeal and failure to obtain a continuance, these claims were addressed on the merits by the Magistrate Judge. Petitioner raised these claims of ineffective assistance of counsel in his state PCR application and the claims were rejected by the state court. Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000). Affording the required deference to the state court's factual findings and adjudication of the claims, the Magistrate Judge concluded that the Petitioner failed to present evidence sufficient to show that the state court's rejection of the claims was unreasonable.[2] After conducting an independent review of the record, this court reaches the same conclusion as the Magistrate Judge, that the state court's rejection of Petitioner's claims of ineffective assistance of counsel regarding the alleged failure to file a direct appeal and failure to obtain a continuance was not unreasonable.

### Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #28] of the Magistrate Judge. Respondent's [Docket Entry

---

[2] The Magistrate Judge also concluded that Petitioner's failure to obtain a continuance claim was procedurally barred because Petitioner failed to appeal the state PCR court's rejection of that claim. However, in an abundance of caution, the Magistrate Judge addressed the merits of Petitioner's claim.

#19] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

    **IT IS SO ORDERED**.


July 28, 2009                                                s/ R. Bryan Harwell
Florence, South Carolina                    R. Bryan Harwell
                                                                           United States District Judge